MORGAN KERR, Appellant *v.* WILLIAM HAYS, Respondent.

Where there are separate defenses set up by the answer, a general objection, on the trial, that the answers do not set out sufficiently the facts constituting the defenses, or either of them, is not available. The remedy of the plaintiff, in such cases, is by motion to compel the defendant to make his answer more definite.

A motion to compel the defendant to elect upon which of several grounds he will base his defense, is addressed to the discretion of the court, and its decision thereon cannot be reviewed on appeal.

In order that a judgment in another action between the same parties shall constitute an estoppel, it should be made to appear that the identical questions involved in the issue to be tried were passed upon by the court or jury at the former trial.

APPEAL from a judgment of the Supreme Court, affirming a judgment on a verdict in favor of the defendant.

Action to recover damages for breaking and entering the plaintiff's close, situated at Port Benjamin, in the town of Wawarsing, and county of Ulster, and described in the complaint by metes and bounds. The answer set up, 1. A general denial; 2. That there was a public highway across the premises described in the complaint, and that the alleged trespass consisted in traveling along said highway, and removing fences unlawfully placed therein by the plaintiff; 3. That the defendant had a right of way across said premises, and that the alleged trespass consisted in traveling &c., as alleged in the second defense.

On the trial, at a circuit, in the county of Ulster, before Justice GOULD and a jury, in May, 1860, it appeared that the plaintiff purchased the premises described in the complaint, of one Eaton, in 1852; that at the time, the defendant owned and occupied a lot of fourteen acres in the rear of said premises; that he used to cross plaintiff's premises every day, for eight years or more, to go to his own lot; that plaintiff forbade him to cross, and afterward built a fence where defendant used to enter on the plaintiff's land; and that defendant cut the fence down. It also appeared by the testimony of the plaintiff, on cross-examination, that he once

tried by force to prevent the defendant from going through there, and that defendant sued him for assault and battery, and recovered a judgment against him.

The defendant's counsel then opened the case to the jury, and the plaintiff's counsel objected "to the defendant show-ing under his answer a right of way or a way on the premises, because the facts giving a right of way, or way, were not set out in the answer." The court overruled the objection, and the plaintiff's counsel excepted.

The plaintiff's counsel then asked the defendant's counsel to elect upon what ground he claimed a way over the prem-ises, whether by prescription, by grant, from necessity, or by reason of the same being laid out as such. The case states that the court refused to compel the defendant's counsel to elect, and the plaintiff's counsel excepted.

The counsel for the plaintiff then requested the defendant's counsel to elect whether the road was claimed as a private or public road. The court refused to compel the defendant's counsel to elect, and the plaintiff's counsel excepted.

The defendant then proved that he bought his lot, before mentioned, in 1847, of Charles Brodhead, and he gave evi-dence tending to show that the occupants of that lot had used a road across the premises described in the complaint, as a way to and from said lot, for about thirty-four years next preceding the trial. It appeared, however, that for four or five years next preceding the 1st of January, 1847, while Brodhead owned the lot which he subsequently sold to the defendant, he also owned the premises described in the com-plaint, as tenant in common with Eaton, the plaintiff's grantor, and one Childs, and that during that period Brod-head occupied both lots.

It also appeared that Childs conveyed his interest to his cotenants, and that Brodhead subsequently, and in 1847, conveyed his interest to Eaton, and it became a question upon the testimony whether the execution of the latter con-veyance preceded the delivery of the deed of the fourteen acres from Brodhead to the defendant.

The defendant offered in evidence a judgment roll in the Supreme Court, in the case of *Hays* v. *Kerr*. The plaintiff's counsel objected: 1. That it was immaterial and irrelevant; 2. That under the pleadings in the cause neither the court nor jury could say that the jury in that action must have passed upon the question of the right of way. The defendant claimed to be able to show that that issue was litigated, and was necessarily passed upon by the verdict. The judge thereupon admitted the roll as evidence, and the plaintiff's counsel excepted.

The complaint therein alleged an assault and battery at Wawarsing, on or about the 26th of October, 1851. The answer alleged: 1. That the plaintiff therein made the first assault, and the defendant beat the plaintiff in self-defense, doing no unnecessary damage; 2. That the defendant was possessed of a certain close at Port Benjamin, in said town of Wawarsing, adjoining a lot of the plaintiff, and of a certain fence belonging to said close, and the plaintiff with force attempted to break down said fence and enter said close, and the defendant thereupon defended his said possession, and in so doing beat the plaintiff, doing no unnecessary damage. The plaintiff put in a reply to the answer, which contained: 1. A denial of the allegation that he assaulted the defendant; 2. A denial that the defendant was lawfully possessed of said close, and that the plaintiff broke down the fence or attempted to break into the close; 3. An averment that, at the time of the assault by the defendant, and long before, the plaintiff had used and enjoyed a right of way over the said close, and at the time when, &c., was seeking peaceably to enjoy it by passing, and the defendant wrongfully and forcibly opposed his passing, and in so doing committed the assault and battery complained of. The roll showed that the cause was tried at a Circuit Court in the county of Ulster, on the 27th of April, 1853, and the jury rendered a verdict for the plaintiff therein for sixty dollars, for which sum, with interest and costs, a judgment was subsequently entered against the defendant therein.

The only testimony, aside from the record, as to what issue was litigated on the trial of the assault and battery case, was given on the part of the defendant. Hays, the defendant, testified that " on the trial of the assault and battery case, evidence was given as to the right of way." Erastus Cooke testified that he " was one of the counsel for Hays on the assault and battery trial ; that the question of right of way was fully gone into on both sides, and was submitted to the jury ; and that Kerr set up that Hays had made application to have a private way laid out there." The plaintiff called witnesses to prove the fact that Hays had made application to have a right of way laid out across the premises described in the complaint, and also that, in 1847, Hays asked and obtained premission of James Landon, a former occupant of the premises, to cross, where a way is claimed, to get to his own lot. Landon was called as a witness to prove these facts, and on his cross-examination he testified that he was sworn in the assault and battery case, and then testified to Hays' asking said permission.

After the evidence was closed, the judge reserved the following questions, to be decided by himself, as matter of law, after the jury had passed upon the propositions to be submitted to them : 1. As to the conclusiveness of the testimony of the record in the assault and battery case ; 2. The effect of Brodhead's conveying to Hays before he conveyed to Eaton, in 1847, on the title to the way as appurtenant to the fourteen acres.

The court then submitted the following questions to the jury : 1. Whether, after Brodhead conveyed to Hays, the possession of Hays and the use of the way in question was uninterrupted and adverse ; 2. Whether the deed to Hays from Brodhead was delivered before April 1st, 1847, that is, before the deed to Eaton was delivered.

The jury rendered a verdict whereby they answered the first question in the affirmative, and they also found that the deed to Hays was delivered previous to April 1st, 1847.

The court then decided the reserved points as follows : 1. That the verdict and judgment in the assault and bat-

tery case were conclusive evidence in favor of the right of
way as claimed by defendant; to which decision the plaint-
iff's counsel excepted; 2. That the deed from Brodhead to
Hays, if delivered before the one to Eaton, was notice to
Eaton as well as binding on Brodhead, and that the then
used way passed to Hays by such deed as appurtenant to
the fourteen acres conveyed to him by Brodhead; to which
decision the plaintiff's counsel excepted; 3. That Brod-
head's owning both pieces of land stopped the running of
the adverse possession, so that that ground (adverse posses-
sion) does not avail the defendant in this action.

It was thereupon agreed by the parties that, giving to the
plaintiff his exceptions to the two rulings above stated, as if
made before the jury retired, there should be added to the
verdict of the jury the words, " and they find a verdict for
the defendant," which was accordingly done, and so entered
in the minutes by the clerk.

*T. R. Westbrook,* for the appellant.

*Erastus Cooke,* for the respondent.

SMITH, J. In the view which I take of this case, the only
questions to be considered are, whether the court erred in
overruling the several objections and motions made by the
plaintiff founded upon the form of the defendant's answer,
and in receiving the record of the former suit in evidence, and
holding it was conclusive in favor of the right of way claimed
by the defendant.

The plaintiff objected, in the first place, to the defendant's
showing under his answer a right of way, or a way, on the
premises, because the facts giving a way, or a right of way,
were not set out in the answer. The defendant had pleaded
separately a public highway, and a right of way in himself,
and the objection was to his giving evidence under either
plea. If either plea was sufficient, the objection, being gen-
eral, was not tenable. The answer setting up a public high-
way was sufficient under the rules of pleading existing
before the Code, as well as since. In the case of *Aspindall*

v. *Brown* (3 Term, 266), it was held that, in pleading a public highway, it is sufficient to state concisely that it is a public highway, without showing how or when it became so. The reason assigned in the case above cited is, that if the rule were otherwise, great inconveniences would follow, for strangers passing along the streets of London could not ascertain when they first became highways. This mode of pleading a public highway is in harmony with the Code, as it is a concise statement and issuable fact. In respect to pleading a private way, the rule is different. The party claiming a private way is supposed to be cognizant of the origin of the right, and the extent of it, and he must therefore aver his title, and the termini of the way. (1 Arch. Nisi Prius, 457.) But the plaintiff did not invoke the benefit of that rule, as he did not object specifically to the introduction of evidence under that branch of the answer which alleged a private way.

Again, if the plaintiff had taken that specific objection, on the trial, it would not then have been available to him. If the answer was defective, it was only so because it alleged the private way in too general terms. It was not sufficiently definite and certain in that respect. The remedy of the plaintiff for that defect was by motion, by section 160 of the Code, to compel the defendant to make the answer more definite and certain. By omitting that remedy, he was precluded from objecting to the evidence on the trial. (3 Kern., 538; 15 N. Y., 425; 18 id., 119.)

The requests to compel the defendant to elect upon what ground he claimed a way over the premises, whether by prescription, by grant, from necessity, or by reason of the same having been laid out as such, and to elect whether the road was claimed as a private or public road, were addressed to the discretion of the court. They related exclusively to the manner of conducting the trial, and the rulings of the judge thereon cannot be reviewed.

The objections to the reception of the record of the former suit in evidence, were properly overruled. It was objected to, not on the ground that it was not pleaded, but, first, as

immaterial and irrelevant, and secondly, that the record did not show that the question of the right of way was necessarily adjudicated. But the defendant claimed to be able to show, *aliunde*, that such issue was litigated and necessarily passed upon by the verdict; and if this was regarded as an offer by him to show such fact, as it properly might have been, there was no force in the objections. It was clearly competent for the defendant to make the proof offered (8 Wend., 1; 4 Comst., 71); and, in passing upon the objections, the court was bound to assume that the offer would be made good.

The only remaining question, therefore, is, whether the defendant succeeded in showing that the identical question of the right of way involved in the present action was necessarily and directly litigated and determined in the former suit. If he did, the court was correct in ruling that such adjudication was conclusive in favor of the right of way as claimed by the defendant; but, if he failed in that respect, the ruling was erroneous.

The record showed that Hays, the present defendant, sued Kerr, the present plaintiff, in the Supreme Court, and complained against him for an assault and battery. Kerr, by his answer, did not deny the assault and battery, but justified the force used, first as in self-defense against an assault by Hays, and, secondly, as in defense of his close adjoining the premises of Hays, and of a certain fence on said close which Hays attempted to break down. Hays replied: 1. Denying that he assaulted Kerr; 2. Denying that Kerr was possessed of the close mentioned in the answer, or that Hays attempted to break into said close or broke down the fence; 3. Setting up a right of way through the close. It will be observed that several distinct issues besides the right of way were presented by the pleadings, upon either of which the verdict for the plaintiff might have been rendered without passing upon the others. The jury might have found that the defendant beat the plaintiff, but not in defense of himself or his close; or if in defense of either, that he used more force than was necessary. While, therefore, it was apparent from the record that the question of a right of way was within the

issues, and might have been litigated, it did not appear thereby that such issue was in fact litigated and determined.

It is also to be observed, that the issue of a right of way is presented by the reply in the former suit, and it is said by the counsel for the appellant that, as under the Code of 1852, a reply was not permissible except to an answer setting up new matter constituting a counterclaim, therefore the reply in the former suit was nugatory, and presented no issue. But it does not appear when the former suit was commenced. The record shows that the cause was tried on the 27th of April, 1853, and the complaint alleges that the assault and battery took place the 26th of October, 1851. Under the Code of 1851, a plaintiff could reply to any answer containing new matter constituting a defense or a set-off. (Laws, 1851; Code, p. 54, § 153.) If the reply was served before the amendment of 1852 took effect, it was regular, and that such was the case is to be presumed, I apprehend, the contrary not appearing. In other words, if any presumption is to be indulged, it will be that which favors the regularity of the pleading. Besides, if the plaintiff in that suit could not reply, he might prove on the trial any matter by way of reply to the answer without pleading it.

It is also urged that if the reply was a proper pleading, and is to be regarded as presenting an issue, it was insufficient for that purpose, as it was indefinite and uncertain. But the defendant went to trial under it, without objecting to its form, either before or at the time of the trial, and he cannot now be heard to say that it presented no issue. Of course, it is incumbent on the party setting up the former suit to show that the right of way then litigated is identical with the one now alleged.

After the record was introduced, the defendant gave parol evidence which tended strongly to show that the question of the right of way was fully gone into on both sides, and was submitted to the jury. That evidence, it will be observed, was not objected to; the witnesses who gave it were not cross-examined in respect to it; it was not contradicted; the plaintiff gave no testimony upon the point to which it

referred; and there is no evidence whatever that either of the other issues was litigated or submitted to the jury. The evidence tended to show that the right of way set up in the former suit was identical with that alleged in this action.

This state of the testimony authorized the finding, not only that the right of way set up in this action was litigated and submitted to the jury in the former suit, but that it was the only issue litigated and submitted, and, consequently, that it was necessarily and directly passed upon by their verdict. The case is similar, in all respects, so far as the question under consideration is concerned, to that of *Wood* v. *Jackson* (8 Wend., 1, 46), and upon the authority of that case the ruling below should be sustained. In that case, as in this, neither the verdict nor the judgment showed that the point, in respect to which the record was offered in evidence, must have been directly and necessarily passed upon by the verdict; but in that case there was an offer to establish that fact by parol proof that such point was the only question submitted to the jury. The rejection of that offer was held to be error. Aided by the parol testimony, the record was conclusive evidence of the defendant's right of way, and on that ground his defense was perfect.

The views above expressed render it unnecessary to examine any other questions in the case, and lead to the conclusion that the judgment should be affirmed.

Judgment affirmed.