By the Court.—Monell, Ch. J.
I think it quite clear that one of the issues raised by the pleadings in the marine court suit, was the fraudulent representations which are made the grammen of the action in this court.
The defendants—who were plaintiffs in that court— brought their action to recover, as the plaintiffs’ brokers, for services in effecting sales of ‘1 bagging,” to sundry persons and firms, including the firm of Osborne, Bullard & Co. The amount claimed upon sales, other than to Osborne, Bullard & Co., was ninety dollars and fifty-three cents, and upon sales to the latter firm, sixty dollars and sixty-five cents.
The plaintiffs in their answer in the marine court, admitted the claim to the extent of sixty-one dollars eighty-nine cents, for brokerage, other than upon sales to O. B. Co., and as to the claim for brokerage upon sales to that firm, the plaintiffs alleged the false representations, substantially as they are alleged in their complaint in this action;—and then proceeded as follows: “ That without said representations defendants would not have made s.uch sale, and that the full payment by said Osborne, Bullard & Company was and is a condition precedent to any payment of brokerage or commissions to plaintiffs on such sale. That said Osborne, Bullard & Company were at the time of said representations and sale, and still are insolvent, not safe to be trusted, not able to pay their debts and unable to pay for said goods; all which plaintiffs well knew at the time of said representations, and that plaintiffs well knew said representations to be false and made same with intent to cheat and defraud these" de *132 fen dan ts. That a great portion of the value of said goods, to wit, the sum of five thousand seven hundred and fifty-two dollars and fifty-one cents, has not been paid.
And these defendants further answering deny each and every allegation in the complaint not hereinbefore admitted. The answer also set up a contradiction ; to which there was a reply.
It appears, I think, very distinctly from the stenographer’s minutes of the trial of the marine court suit, that the only question litigated in that trial was the fraud alleged in the sales to Osborne, Bullard & Co. All the evidence on either side related to these sales. None whatever was given in respect to any of the sales not covered by the plaintiff’s admission, except the sales to Osborne, Bullard & Co. ; and the court presented no other question .or subject to the jury.
If the proof offered was competent, I see no reason to doubt that the only question litigated in the trial in the marine court, was the precise question involved in the action now before us.
Nor is there any doubt that by the verdict and judgment in that court, the issue was found against the present defendants and is conclusive upon them.
The objection to the judgment roll in the marine court action, was, that it was irrelevant and incompetent ; and the objection seems to have been sustained on those grounds.
As the judgment roll is not printed in the case, we do not know to what extent it would show an adjudication upon the questions raised by the pleadings in that action; and we must rely, therefore, upon the pleadings in this action, and the proof furnished of the issues then tried.
The pleadings in that suit are in the case, but they do not show that the only issue was the fraud. Three items of brokerage, besides the Osborne, Bullard & Co. *133 sales, are not admitted, and may have been litigated on the trial.
But the complaint in this action, after alleging that, the only question tried in the marine court suit, was the alleged indebtedness of these plaintiffs for the services of those defendants in procuring the sales to Osborne, Bullard & Co. avers, that the jury gave these defendants a verdict for the amount admitted to be due and no more, and “disallowing said claim of the defendants for brokerage on the said sale of goods to O. B. & Co.” “ Wherefore judgment was entered pursuant to said verdict.”
The answer to the complaint denied that the only question tried in the marine court suit, was the alleged indebtedness for services in procuring sales to O. B. & Co. ; and the defendants say, that the question of the right of the plaintiffs to damages for the alleged frauds, was also tried.
The denial in the answer amounts to an admission that the question of plaintiffs’ indebtedness upon the sales to O. B. & Co., was tried and disposed of in the marine court áuit: the denial going only to the extent, that it was not the only question tried, but that the plaintiffs’ right to damages, was also tried.
The plaintiffs have the right to take the part of the admission which favors their case, and leave the avoidance to be established by the defendants.
Sufficient appears, therefore, I think, from the pleadings, to establish the fact that the only question litigated in the marine court suit was the fraud of the defendants, and that the question was disposed of by the judgment of the court in that case, against the defendants.
The allegation that the plaintiffs’ right to damages was also tried, is not sustained by any proof. JSTo claim to damages was made by the pleadings, and none appears to have' beun made on the trial.
*134 The offer to prove by parol what subject was litigated in the marine court suit, was an offer made in conjunction with the offer to prove the judgment, and to show that the question of fraud involved in this, was litigated and disposed of in that action.
With such proof it would have rendered the judgment conclusive upon the defendants upon the question here litigated.
That such proof was competent was decided in Kerr v. Hays (35 N. Y. 331), where it was offered to prove aliunde the record, what was litigated and necessarily passed upon by the verdict: and the proof was held to be competent (White v. Madison, 26 N. Y. 117).
It was error, therefore, to exclude the offered evidence.
The accuracy of the stenographic report of the trial, although questioned and objected to by the defendants, when they were first offered, does not seem subsequently to have been insisted upon, and was substantially waived at the close of the trial. They were, therefore, before the court to be used to give effect to the judgment. When the judgment' roll was again offered, the court had before it sufficient proof that the judgment covered the precise question then in litigation, and I can see no reason why it was not thereby made material and competent.
Had the judgment roll been admitted it would have established the plaintiffs’ cause of action, and been con. elusive upon the defendants (White v. Merrill, 7 N. Y. 355; Demarest v. Dorg, 32 Id. 281 ; Gates v. Preston, 41 Id. 113).
The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.
Sedgwick, J., concurred.