Daniels, J.
The motion for the re-argument of the appeal has been made upon grounds considered in its disposition as well as others now urged upon the attention of the court. It has been insisted that a misapprehension existed as to the identity of the contract upon which the action , has been brought, and the one upon which the action in the state of Missouri proceeded and was decided, between the same parties. But a further examination of the case excludes the possibility of mistake upon this ground. For while it is true that the action in the state of Missouri proceeded upon the contract made between the Atlantic and Pacific Railroad Company and the defendant on the 8th of September, 1876, it is still equally so that this action has not been brought to recover damages for the breach or non-performance of that agreement. That agreement has been set forth in the complaint in this action for the purpose of presenting and disclosing the rights and obligations of the parties under it, and of the defendant which afterwards assumed the performance. But it is more in the nature of an inducement, or introduction, to the real controversy in the case, then the legal groundwork of that controversy. For after the complaint proceeded to say that the defendant had become bound for the performance of that agreement, it was then alleged that the plaintiff had acquired the ability to dispose of the lands mentioned in the contract^ upon profitable terms to himself, and that information of this fact was communicated to the president of the defendant, accompanied with a proposal to pay cash for the land, if the *717 defendant would approve of the sale proposed to be made, instead of delaying such payment to the time specified in the agreement made between himself and the Atlantic and Pacific Eailroad Company. It was further alleged that the president of the defendant was satisfied with and approved of this proposal, and that it was agreed in case the pláintiff made the sale that the defendant 1 ‘ would approve of said sale immediately upon its being made to the parties mentioned by the plaintiff.” It was further alleged that relying on the promises of the president of the defendant, and believing the same to be true, the plaintiff at great cost and expense to himself, took the parties proposing to buy, to the lands in question, who became satisfied with them and agreed to purchase them and would have done so at a great profit to him had it not been for the unlawful acts of the defendant afterwards mentioned, consisting in part of its refusal to comply with the agreement so entered into. The allegations of misconduct on the part of the defendant were broader than that required to present the non-performance of this alleged agreement between the plaintiff and the defendant. But that circumstance in no manner detracted from his right to maintain the action for damages upon proof of the agreement alleged, and the failure of the defendant to perform it. This cause of action was in no manner involved in the suit in the state of Missouri. The complaint in that action contained no reference to it, either directly or indirectly. Nor was' it a subject in any form essential to the determination of the action pending in that state. And it was not within the principle proceeded upon in .Pray v. Hegeman (98 N. Y., 351), for it in fact in no manner or form entered into the litigation in the state of Missouri, but was a subject entirely extraneous to the controversy upon which that action proceeded. And the judgment in that state, was therefore, no bar to the plaintiff’s right to recover in this suit for a breach of this agreement. For it has been held, and such seems to be the settled law, that to defeat a subsequent action by the determination of a preceding litigation between the parties, the subject-matter of the second suit must have been directly or indirectly included in and passed upon by the former judgment. Kerr v. Hays, 35 N. Y., 331; Davis v. Tallcot, 2 Ker., 184.
The further position has been taken that what was alleged in the complaint in this action did not disclose an agreement by which the plaintiff by any possibility could recover. But the allegations in the complaint set forth the facts that the negotiations were with the president of the defendant. They related to its business and were within the scope of the authority ordinarily possessed by the president of a corporation, and resulted in an agreement re *718 lating to this business. And they proceeded upon a legal consideration, for the obligation to pay cash for the property before the time mentioned in the preceding agreement and the assurance that the plaintiff could act upon the assent of the defendant, expressed through its president, supplied a consideration for the alleged new agreement. It contemplated a benefit to each of the parties not previously provided for or secured, and that in judgment of law was a consideration upon which the alleged agreement could be made.
This agreement was not deprived of its binding force or effect under the authorities cited relating to the modification of a sealed instrument by a subsequent agreement not under seal. For the preceding agreement, as it has been set forth in the case, was not under the seal of the corporation nor of either of its officers subscribing it, and in no part of it does it import the fact that it was intended to be, or was made under seal. It was a simple contract capable of being modified by such an agreement as the plaintiff alleged in his complaint to have been made. These authorities, which have been collected and cited in support of the application for a reargument, consequently have no application whatever to the case.
Neither does the objection that the contract was within the statute of frauds and could not be modified or changed by a simple verbal agreement. For the complaint has alleged that it was agreed that the defendant corporation would approve of the sale immediately upon its being made to the parties mentioned by the plaintiff, and this word “agreed,” so employed in the pleading, imported the making of a legal agreement. The court is not at liberty to infer that it was no more than a verbal agreement for the purpose of defeating on that inference the plaintiff’s right of action. But this agreement related wholly to the sale of lands in the state of Missouri, and it was not within the statute of frauds of this state. It was there to be performed by a corporation created and existing under the laws of that state and related to real property situated in that state. And without evidence of the fact that a similar statute relating to contracts for the sale of real property had been enacted in that state, to the statute existing upon this subject in the state of New York, the fact could not be presumed to be so. In the administration of the law the courts of this state presume that the common law of another state is the same as that prevailing here, but this presumption has- not been extended to the statutory laws of other states or countries. The rule, on the contrary, is that no court takes judicial notice of the laws of a foreign country, but they must be proved as facts. 1 Greenl. on *719 Ev. (7th ed.), § 485; Monroe v. Douglass, 1 Seld., 447; White v. Knapp, 47 Barb., 549.
Whether the plaintiff will be able to maintain this action must depend not so much on the state of the pleadings as on the proof which may be adduced in support of his allegations upon the trial. For the purposes of the action the complaint is required to be liberally construed. And without indulging in such freedom of construction as will transcend the language employed to allege the facts, it is sufficient to say that upon an issue joined, as that has been done in the action, the plaintiff will be at liberty to prove upon the trial that such an agreement was made as he has alleged upon the basis in part of the preceding contract, by which the defendant through its president obligated itself to approve of the sales of the land which the plaintiff should make and accept payment for them in cash before the time mentioned in the preceding agreement. And that after the plaintiff had acted upon that agreement the defendant refused to be bound by "its terms or to contribute by its act to carry it into execution. And by offering to prove on the trial all the facts alleged in the complaint, the plaintiff did propose to make out a cause of action under these allegations. This evidence should not have been rejected and the complaint dismissed as it was upon the trial. But for the reasons stated in the preceding opinion, as well as here added and repeated, the judgment dismissing the complaint was erroneous, and the motion for a reargument of the appeal should be denied, with costs.
Davis, P. J., and Brady, J., concur.