(10 Misc. Rep. 660.)

### CRAM v. SPRINGER LITHOGRAPHING CO.

(Common Pleas of New York City and County, General Term.   January 7, 1895.)

PLEADING—MOTION TO COMPEL ELECTION.

Refusal, before evidence taken, to compel an election between alternative causes of action, is not legal error.   The motion for an election should be renewed after the evidence is in.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Ella Cram against the Springer Lithographing Company. From a judgment of the city court (30 N. Y. Supp. 1130), affirming a judgment in favor of plaintiff, defendant appeals.   Modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Boothby & Warren, for appellant.
Kellogg, Rose & Smith, for respondent.

PRYOR, J.   The action is for rent, upon a contract implied from the act of holding over after the expiration of the stipulated term. At the close of the evidence a verdict was directed for the plaintiff, and the principal point for decision is whether the proof of the holding over was so conclusive as to justify the court in withholding the question from the jury.   We have canvassed the evidence with care; and our conclusion is that, within the doctrine of Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, the court was authorized to dispose of the issue as involving, upon the proof, a question of law merely.   The evidence is susceptible of no other inference than that the defendant was still in possession of the premises after the expiration of the term, and the delivery of the key on the second day afterwards clearly and conclusively evinces that till then the defendant did not intend the premises to be at the disposal of the plaintiff.   Assuming that the court declined a request to submit to the jury whether, in fact, there was any holding over, the de-

fendant affirms error of the supposed ruling. But the court made no such ruling. The request was to "go to the jury on the question whether our holding over was wrongful and tortious"; and, the holding over being thus conceded, the plaintiff had the option to treat it either as a trespass or a renewal of the lease. Smith v. Allt, 4 Abb. N. C. 205, 214. Similarly, in answer to the claim now advanced, that the delivery of the keys on May 4th was no evidence of retention of possession till then, it suffices to say, that defendant's contention on the trial that the acceptance of the keys was an acceptance of possession, and a discharge of the defendant from future rent, involved the concession that until then there was no surrender of the premises. Nor was there a question for the jury on the point that the delay in vacating the premises was the fault of the plaintiff. The rejected evidence touched the condition of the elevator during the last three days of the previous week; and, for anything apparent in the proof or offered to be shown, the elevator afforded every facility for the removal of the remaining goods on the 2d of May, the last day of the term. The point that the plaintiff might not maintain the action, because of the lack of allegation or evidence of ownership of the premises, was neither raised at the trial nor presented on appeal by appropriate exception. Before evidence taken, and not afterwards, the defendant moved that the plaintiff be made to elect between alternative causes of action. Error is not predicable of a refusal to compel an election at that stage of the trial. Tuthill v. Skidmore, 124 N. Y. 148, 155, 26 N. E. 348. Although proof may have been adduced in support of both causes of action, the recovery was for one only, and so injury was not suffered by the defendant. Tuthill v. Skidmore, supra. The record discloses no error requiring a reversal of the judgment, but it must be reduced by $41.98, and, so modified, is affirmed, with costs. All concur.