(41 App. Div. 211.)

MAXWELL et al. v. CONKLIN et al.

(Supreme Court, Appellate Division, Second Department.. June 6, 1899.)

1. FRAUDULENT CONVEYANCES—INSOLVENCY OF GRANTOR—EVIDENCE.
    The recovery of a judgment by default on dishonored notes, and the return of an execution unsatisfied, is prima facie evidence of the insolvency of the judgment debtor.

2. SAME—PRESUMPTION OF FRAUD.
    A voluntary conveyance by a debtor to a third person is presumptively fraudulent.

Appeal from special term, Kings county.

Bill by James T. Maxwell and another against William Conklin and others to set aside a fraudulent conveyance. Judgment for plaintiffs, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Horace G. Lansing, for appellants William and Edward H. Conklin.

Rollin Tracy, for appellant Francis B. Conklin.

G. B. Van Wart, for respondents.

GOODRICH, P. J. On May 21, 1897, the plaintiffs, in an action on four promissory notes, recovered judgment by default against the defendants William and Francis B. Conklin for the sum of $3,576.57. After entry of the judgment, execution was duly issued, and returned unsatisfied, and the said defendants were afterwards examined in proceedings supplementary to execution. At the time of the institution of the above action the said defendants were owners of certain real estate in the borough of Brooklyn. A portion of this real estate consisted of a stone yard, where they were carrying on the business, and in connection with the operation of which they owned certain tools and other personal property. Previously to the recovery of the judgment above mentioned, by two deeds dated April 19th and a bill of sale of the same date, William and Francis transferred all their interests in this property to the defendant Edward H. Conklin, their younger brother, the consideration being "one dollar, and other valuable considerations." These instruments were not recorded until May 20th, the day before the recovery of the judgment in the above action on the notes. The present action is brought to set aside the conveyances of April 19th, as a fraud upon the plaintiffs, and the court below gave judgment for the plaintiffs, adjudging the deeds and bill of sale to be fraudulent and void, and the property affected by them to be subject to the lien of the judgment, and execution in favor of the plaintiffs. From this judgment the defendants appeal.

The recovery of the judgment by default in the action on the dishonored notes and the return of the execution unsatisfied was prima facie evidence of the insolvency of the defendants William and Francis. Tuthill v. Skidmore, 124 N. Y. 148, 26 N. E. 348. And it has been held that a voluntary conveyance by one indebted at the time is presumptively fraudulent. Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082. 2 Rev. St. (9th Ed.) p. 1887, § 1, provides that "every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods, * * * made with the intent to hinder, delay or defraud creditors or other persons, of their lawful suits, damages, forfeitures, debts or demands, * * * as against the persons so hindered, delayed or defrauded, shall be void." After the plaintiffs had made out their case, the defendants, to show good faith and absence of fraud, testified that several years before the execution of the deeds and bill of sale in question an uncle had given to their mother several thousand dollars, to be used in the education of the defendant Edward;

that the mother, who at the time of the trial was dead, had given this money to the defendants William and Francis to use in the stone business; and that, long after it had been there used, the deeds and bill of sale were given to Edward in place of the money. The testimony on this subject was vague. The defendants did not know where the uncle lived, when he died, whether he left a will, or how the money came to the mother. The learned justice at special term found that the deeds and bill of sale were made without consideration, in anticipation of the judgment of May 21st, and for the purpose of defrauding the plaintiffs, and preventing them from collecting the amount of said judgment. This is a case where much depends upon the manner of the witnesses on the stand, as to which the justice presiding at the trial may best determine, and, after a careful examination of the printed testimony, we see no reason to interfere with the judgment.

Judgment affirmed, with costs. All concur.