## M. J. KRAUS & CO. v. MAYER et al.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

1. PLEADING (§ 313*)—BILL OF PARTICULARS.—REMEDY.

    In an action on a guaranty, the guarantor pleaded that the principal debtor transferred the equities in certain accounts receivable to the creditor as collateral security, and that they were sufficient to pay the debt, and as a separate defense that the creditor induced the guarantor to execute the guaranty by representing that the equities in the transferred accounts amounted to more than the debt, whereas they in fact amounted to considerably less than the sum represented. *Held* that, the defendant having the right under the express provisions of Code Civ. Proc. § 547, to plead as many defenses as he thought he had, the remedy, if such defenses were inconsistent, was by motion, prior to or at the trial, to compel an election, and not by a motion for a bill of particulars.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

2. PLEADING (§ 313*)—BILL OF PARTICULARS—OFFICE.

    The office of a bill of particulars is to amplify or restrict a pleading, not only for the purpose of shortening, or preventing surprises at, the trial, but to enable a party to intelligently prepare for trial, and not to ascertain on which defense a defendant intends to rely.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

3. PLEADING (§ 313*)—INDEFINITENESS AND UNCERTAINTY—REMEDY.

    If a pleading is indefinite or uncertain, the remedy is by a motion, under Code Civ. Proc. § 546, to make it definite and certain by amendment, and not by a motion for a bill of particulars.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

Appeal from Special Term, New York County.

Action by M. J. Kraus & Co. against Theodore Mayer and another. From an order granting a motion for a bill of particulars, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Henry B. Singer, of New York City, for appellants.
Walter J. Rose, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff loaned to Mayer, Guthorn & Kahn Company, a domestic corporation, the sum of $6,000, and, ac-

---

cording to the allegations of the complaint, in order to induce it to make the loan, the defendants in this action guaranteed in writing the repayment of the same. The answer sets up, among other defenses, that the loan was made pursuant to the terms of a written agreement by which Mayer, Guthorn & Kahn Company, as collateral security for the payment of the same, transferred to the plaintiff the equities in certain accounts receivable, theretofore pledged with the plaintiff, and that the proceeds of such equities were sufficient to repay such loan. It also alleges, in another defense, that the plaintiff induced the defendants to execute the guaranty by representing to them that the equities in the assigned accounts amounted to $6,500, whereas they were, in fact, considerably less than that sum. After issue had been joined, plaintiff moved for a bill of particulars as to certain matters set up in the answer, and, among others:

(1) "That the defendants furnish an itemized statement of the equities in the accounts receivable, which were pledged by Mayer, Guthorn & Kahn Company as security with the plaintiff, which equities it is alleged were sufficient to repay to the plaintiff the sum of $6,000."

(2) "That the defendants furnish an itemized statement of the equities in the outstanding accounts, which the Mayer, Guthorn & Kahn Company pledged with the ·plaintiff, which * * * were in amount considerably less than said sum."

The motion was granted, and defendants appeal from that portion of the order above quoted.

[1, 2] It is claimed, inasmuch as the defenses are inconsistent, the plaintiff is entitled, by a bill of particulars, to ascertain the one upon which the defendants will rely at the trial. This is not the office of a bill of particulars. Its purpose is to amplify or restrict the pleading, not only for the purpose of shortening, or preventing surprises at, the trial, but also to enable one to intelligently prepare for trial. Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671; Dudley v. New York Filter Manufacturing Co., 80 App. Div. 164, 80 N. Y. Supp. 529.

[3] If a pleading is indefinite or uncertain, the remedy is not by bill of particulars, but by motion to make definite and certain by amendment. Code Civ. Proc. § 546; Kerr v. Hayes, 35 N. Y. 331. A defendant may set forth in his answer as many defenses as he believes he has. Section 547, Code Civ. Proc. And, if those set forth are inconsistent, then the court has the power, either prior to or at the trial, upon a motion made for that purpose, to compel an election upon which one he will rely. Tuthill v. Skidmore, 124 N. Y. 148, 26 N. E. 348; Southworth v. Bennett, 58 N. Y. 659.

So much of the order as appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to that extent denied, without costs. All concur.