(90 Misc. Rep. 360)

### BLYN v. WILLIAM G. FOSTER & CO.

(Supreme Court, Appellate Term, First Department.     May 13, 1915.)

1. Action ⊚⟹38—Single Cause of Action—Personal Injury.
   In an action for having been bitten by defendant's horse which was drawn up at the curb and was swinging its head waiting to be fed, a complaint, alleging that the horse was of a vicious disposition, as known to defendant, and that it had been left unattended, with the wheels unfastened in violation of the traffic rules, did not set forth two causes of action, but a single cause of action for negligence; as, while an action based upon the keeping of a vicious animal is not strictly in, negligence, the liability of the owner is "in a certain sense based upon negligence" which, after proof of ownership and scienter, is presumed.
   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565; Dec. Dig. ⊚⟹38.]

2. Pleading ⊚⟹369—Election Between Causes of Action.
   In such case, where plaintiff alleged "that solely by reason of the negligence and improper conduct of the defendant  *  *  *  the plaintiff was injured," neither the theory nor the facts upon which a recovery might be based involved any inconsistent position so as to warrant the compelling of an election, and certainly not before the evidence was all in.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. ⊚⟹369.]

3. Animals ⊚⟹74—Personal Injuries—Traffic Regulations—Violation— Negligence.
   In an action for being bitten by a horse, defendant's violation of a traffic rule, providing that no horse should be left unattended in any street or highway unless securely fastened or unless the wheels of the vehicle are so fastened as to prevent it from being dragged, was immaterial, since the ordinance was in the alternative, and the locking of the wheels could not, by any possibility, have prevented the injury.
   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 257–273; Dec. Dig. ⊚⟹74.]

4. Animals ⊚⟹74—Personal Injury—Issues and Evidence.
   In an action for having been bitten by defendant's horse, maintainable only on the theory of the keeping of a vicious animal and defendant's consequent negligence, the exclusion of defendant's evidence that the horse was gentle was reversible error.
   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 257–273; Dec. Dig. ⊚⟹74.]

---

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    153 N.Y.S.—12

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Beatrice Blyn against William G. Foster & Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Maurice B. & Danl. W. Blumenthal, of New York City (Danl. W. Blumenthal, of New York City, of counsel), for appellant.

Abram B. Freedman, of New York City (Jacob Friedman, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff, while walking on a sidewalk of a city street, was bitten by defendant's horse, which, drawn up at the curb, was swinging its head to and fro waiting to be fed. The complaint, after alleging that the horse was of a vicious disposition, known to the defendant, sets forth article 6, section 1, of the Traffic Rules of the Police Department, which provides, in substance, that no horse shall be left unattended in any street or highway unless securely fastened or unless the wheels of the vehicle are so chained or fastened as to prevent it from being dragged. The complaint further alleges that defendant's horse at the time of the accident had been left unattended and the wheels unfastened.

[1, 2] Although it is true that an action based upon the keeping of a vicious animal is not one strictly in negligence (see Hunter v. Metropolitan Co., 50 Misc. Rep. 158, 98 N. Y. Supp. 234), nevertheless, the liability of the owner is "in a certain sense based upon negligence" which, after proof of ownership and scienter, is presumed. Muller v. McKesson, 73 N. Y. 195, 199, 200, 29 Am. Rep. 123. I do not think therefore that, as matter of pleading, it can be successfully maintained that the complaint in the case at bar sets forth two causes of action. But, in any event, neither the theory nor the facts upon which a recovery might be based involve any inconsistent position so as to warrant the compelling of an election, and certainly not before the evidence was all in. See Tuthill v. Skidmore, 124 N. Y. 155, 26 N. E. 348; Mayo v. Knowlton, 134 N. Y. 250, 252, 31 N. E. 985; Seymour v. Lorillard, 51 N. Y. Super. Ct. 399. The plaintiff emphasizes his reliance upon negligence as a basis for recovery by the allegation of the complaint that:

"Solely by reason of the negligence and improper conduct of the defendant, * * * as heretofore alleged, the plaintiff was injured."

Nevertheless, the learned court below, over plaintiff's objection and exception, compelled plaintiff to elect whether to proceed on the "theory" of maintaining a vicious horse or the violation of a municipal regulation. Plaintiff elected the latter.

[3] At the close of plaintiff's case, defendant moved to dismiss on the ground that the regulation plainly refers to the prevention of the running away of horses and was not framed or designed to meet the contingency disclosed in the case at bar, and, inferentially, I assume, therefore, that the violation of the ordinance was immaterial. It is

perfectly evident that the requirement of this ordinance in the alternative, namely, either that the horse be fastened or that the wheels of the vehicle be blocked, would not have been violated by defendant if the latter alternative had been adopted. Yet that could not by any possibility have prevented the accident which is the basis of this suit. In this respect the case is clearly distinguishable from Kelley v. N. Y. State Rys., 207 N. Y. 342, 100 N. E. 1115. See, also, Fluker v. Ziegele Brewing Co., 201 N. Y. 40, 43, 93 N. E. 1112, Ann. Cas. 1912A, 793. In this view, it is apparent that defendant's motion to dismiss should have been granted. But that very consideration only brings into clearer relief the error committed in compelling plaintiff to elect.

[4] Strange to say, toward the conclusion of its case, the defendant insisted on offering proof that the animal was gentle, and plaintiff objected on the ground that he was proceeding on a violation of an ordinance.

The only maintainable cause of action stated in the complaint is one for the keeping of a vicious animal and the consequent negligence of the defendant, and defendant was erroneously prevented from introducing proof on this issue.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.