BANE v. KEEFER et al.

(Circuit Court, D. Indiana. March 20, 1895.)

No. 9,173.

REMOVAL OF CAUSES—DISCONTINUANCE AFTER REMOVAL — FAILURE OF JURISDICTION.

B., a citizen of Indiana, commenced an action for personal injuries, in a court of that state, against three defendants, two citizens of Indiana and one of Ohio. The Ohio defendant removed the cause to the federal court on the ground of local prejudice. B. then discontinued the action as to the Ohio defendant, and moved to remand. *Held* that, as the cause no longer involved a controversy properly within the jurisdiction of the federal court, it should be remanded.

Spencer & Branyan and Holstein & Barrett, for plaintiff.
Olds & Griffin and Blackledge & Thornton, for defendants.

BAKER, District Judge. On December 24, 1894, Henry Bane filed his complaint in the circuit court of Huntington county, Ind., against Henry Keefer, Henry S. Hallwood, and the city of Huntington, Ind., to recover damages for personal injuries sustained by him while in the employ of Keefer & Hallwood, who had entered into a contract with said city to construct a certain sewer therein. On January 19, 1895, Henry S. Hallwood filed his petition in this court, in which it was made to appear that he was a citizen of the state of Ohio, and that the plaintiff, Bane, and the defendants Henry Keefer and the city of Huntington were citizens of the state of Indiana, and that from prejudice and local influence the petitioner would not be able to obtain justice in the circuit court of Huntington county, Ind., nor in any other court in said state into which said cause could be removed. Thereupon an order was entered removing said cause into this court. After the removal of the cause, the plaintiff discontinued the same as to the defendant Henry S. Hallwood, and said cause is now pending against Keefer and the city of Huntington alone. The plaintiff now moves the court to remand the cause to the circuit court of Huntington county, Ind., on the ground that it is one in which all the parties plaintiff and defendant are citizens of the state of Indiana. The cause of action is not one arising under the constitution or laws of the United States or any treaty entered into by the United States with any other country or government. The jurisdiction of the court must, therefore, depend upon the diversity of the citizenship of the parties. Such diversity of citizenship existed at the time of removal, but has ceased to exist since the discontinuance of the case as to Hallwood. Counsel for the defendants claim that the jurisdiction of the court is still maintainable, notwithstanding all parties are now citizens of this state, by virtue of section 2 of an act of congress passed March 3, 1887, the enrollment of which was corrected August 13, 1888 (25 Stat. 435). That part of the section relied upon reads as follows:

"And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause: provided, that if it further appear that said suit can be fully and justly determined as to the other defendants in the state court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said circuit court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be proceeded with therein."

The contention of counsel is that the cause of action, when it was removed here, was one which could not have been separated and remanded as to Keefer and the city of Huntington, leaving the action pending here as to Hallwood alone, because such separation would have worked to the prejudice of the defendants; and it is claimed that the discontinuance amounts simply to a separation, at least so

far as Keefer is concerned. This contention cannot be maintained. This is an action sounding in tort for personal injury, and one or all the tort feasors, at the election of the plaintiff, may be joined as defendants. Having joined all in the first instance, the plaintiff has an undoubted right at any time to discontinue his suit as to any one of them. He has availed himself of this right of discontinuance, a right which defendants' counsel concede he possesses. After such discontinuance, the case is in the same position as it would have been if it had been originally brought here, and the plaintiff had rightfully discontinued the cause as to the parties whose presence was necessary to give the court jurisdiction. Can this court, because it has once acquired jurisdiction, retain it when the cause of action has been rightfully so changed as to disclose on the face of the record a complete failure of jurisdiction? Section 5 of the act of March 3, 1875 (18 Stat. 470, 473), is applicable to and decisive of the question. So much of that section as is continued in force by the acts of 1887 and 1888, supra, reads as follows:

"That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after said suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of such circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a cause cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

The suit does not now really and substantially involve a dispute or controversy properly within the jurisdiction of this court, and therefore it becomes its duty to proceed no further, but to remand the cause to the court from which it was removed.

In the case of Transportation Co. v. Seeligson, 122 U. S. 519, 7 Sup. Ct. 1261, it was held if a cause pending in a state court against several defendants is removed thence to the circuit court of the United States on petition of one of the defendants, under the act of 1875, on the grounds of a separate cause of action against the petitioning defendant, in which the controversy was wholly between citizens of different states, it should be remanded to the state court if the action is discontinued in the circuit court as to the petitioning defendant. The court, after quoting section 5 of the act of 1875, supra, says:

"The court was not required to keep the suit after the discontinuance simply because it might have been removed when Huntington was a party. As soon as he was out of the case, it did appear that 'the suit did not really and substantially involve a dispute or controversy properly within' its jurisdiction."

The same doctrine is asserted and enforced in Robinson v. Anderson, 121 U. S. 522, 7 Sup. Ct. 1011; Graves v. Corbin, 132 U. S. 571, 590, 10 Sup. Ct. 196; Torrence v. Shedd, 144 U. S. 527, 533, 12 Sup. Ct. 726. These cases settle the question of jurisdiction adversely to the defendants' contention, and the case must therefore be remanded; but, inasmuch as the cause was rightfully brought here, and the cause for remanding arises from the plaintiff discontinuing his suit

as to the defendant Hallwood, it is ordered that the costs of the removal be taxed against the plaintiff. Cause remanded to the Huntington circuit court at the costs of the plaintiff.