## STOWE v. SANTA FÉ PAC. R. CO.

### (Circuit Court, S. D. California, S. D.   July 21, 1902.)

### No. 1,007.

**1. REMOVAL OF CAUSES—FAILURE OF JURISDICTION.**
Where an alias summons has been quashed, the federal court having no power to issue process which will subject defendant to its jurisdiction, the action which has been removed to the federal court is within Act Cong. March 3, 1875 (1 Supp. Rev. St. [2d Ed.] pp. 83, 84), § 5, providing that if, at any time after removal, it appears to said court that the action does not involve a dispute or controversy properly within its jurisdiction, it shall dismiss or remand it.

Conclusion of Court on Motion to Remand.

Anderson & Anderson and Joseph Scott, for plaintiff.
C. N. Sterry, Henry J. Stevens, and T. J. Norton, for defendant.

WELLBORN, District Judge.   The action was rightfully removed. Since, however, the alias summons has been quashed, and no process can issue out of this court which will subject the defendant to its jurisdiction, the case falls within section 5 of the act of March 3, 1875 (1 Supp. Rev. St. [2d Ed.] pp. 83, 84), which is as follows:

"Sec. 5. That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just."

A suit in which the circuit court is powerless to acquire jurisdiction of the defendant's person does not involve "a dispute or controversy properly within the jurisdiction of said circuit court." No authority directly in point has been called to my attention, but I find precedents where removals were rightfully effected, but federal jurisdiction subsequently ousted by proceedings had in the circuit court, and the causes thereupon remanded.   Bane v. Keefer (C. C.) 66 Fed. 612.

The circumstances of the case at bar require, I think, similar action herein, and the pending motion to remand will be allowed.