# TEXAS TRANSPORTATION CO. *v.* SEELIGSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

Submitted April 25, 1887. — Decided May 27, 1887.

If a cause pending in a state court against several defendants is removed thence to the Circuit Court of the United States on the petition of one of the defendants under the act of 1875, 18 Stat. 470, on the grounds of a separate cause of action against the petitioning defendant, in which the controversy was wholly between citizens of different states, it should be remanded to the state court if the action is discontinued in the Circuit Court as to the petitioning defendant.

THIS was an appeal from an order remanding a cause to the state court from whence it had been removed. The case is stated in the opinion of the court.

*Mr. T. N. Waul* for appellants.

I. The case was properly removed from the state court, there being a separable controversy between the plaintiff, a citizen of Texas, on one side, and Huntington, a citizen of New York, on the other side, to which the other defendants were not necessary parties — the only allegation against C. P. Huntington being that he is the owner of the note for $335,000 and the trust deed to secure the same — and the prayer on the original petition to annul and cancel the note and trust deed.

II. There is a controversy between the defendant, C. P. Huntington, a citizen of New York, on one side, and the plaintiff and the other defendants on the other side, in which the interest of the plaintiff and the Texas Transportation Com-

pany and its officers is to annul and declare void or bar by the statute of limitations, the recovery of the debt as evidenced by the note for $335,000 and secured by the trust deed, and it is the interest of the defendant, Huntington, to have the said debt established and secured, of which claim he is charged to be the sole owner. *Harter* v. *Kernochan*, 103 U. S. 562, 566; *Barney* v. *Latham*, 103 U. S. 205; *Pacific Railroad* v. *Ketchum*, 101 U. S. 289; *Removal Cases*, 100 U. S. 457.

III. That the Circuit Court had jurisdiction at the time it was removed is evident upon an examination of the petition filed in the state court by plaintiff and the petition for removal by Huntington. The question of jurisdiction was considered adjudged and determined by the circuit judge on the motion overruling the two motions to remand.

And being established, no act of the complainant thereafter, either by dismissing one of the parties defendant, or either of the causes of action, would authorize the court to remand, although the court should dismiss the case at the cost of complainants. *Phelps* v. *Oaks*, 117 U. S. 236; *Clarke* v. *Matthewson*, 12 Pet. 164; *Roberts* v. *Nelson*, 8 Blatchford, 74; *Carrington* v. *Florida Railroad*, 9 Blatchford, 467.

IV. The statute of 1875, § 5, gives authority to the Circuit Court to remand to the state court only in two classes of cases, neither of which arises in this case.

V. When a cause is ordered by the Circuit Court to be remanded, the jurisdiction of the state court re-attaches as though no order of removal had been made. *Thatcher* v. *McWilliams*, 47 Geo. 306; *Ex parte Insurance Co.*, 50 Ala. 464.

*Mr. W. E. Earle* and *Mr. W. W. Boyce* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal under § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, from an order of the Circuit Court remanding a suit which had been removed from a state court. The suit was begun December 18, 1883, in the Circuit Court of Harris County, Texas, by Henry Seeligson, a citizen of that

state, and the owner of twenty shares of the capital stock of the Texas Transportation Company, a Texas corporation, against that company, and A. C. Hutchinson, Charles Fowler, E. W. Cave, and L. Megget, its directors and principal officers, for an account of the affairs of the company; and to annul and set aside a note of the company for $335,000 to Charles Morgan, together with a deed of trust given for its security. Hutchinson is a citizen of Louisiana, but all the rest of the defendants are citizens of Texas. On the 9th of February, 1884, a supplemental petition was filed in the suit alleging that C. P. Huntington had become the owner of the note given to Morgan, and bringing him in as a defendant. Citation was served on him March 13, 1884, and, on the 31st of the same month, he, being a citizen of New York, presented his petition for the removal of the suit to the Circuit Court of the United States for the Eastern District of Texas, on the ground "that there is a controversy in said suit which is wholly between citizens of different states, and which can be fully determined as between them, to wit, a controversy between said Seeligson, plaintiff, and your petitioner, and a controversy between your petitioner, on one side, and in which the interests of the said Seeligson, the Texas Transportation Company, and the other defendants, officers of said company, are on the other side." Upon this petition an order of removal was made, and the suit entered in the Circuit Court on the 16th of October, 1884, when the defendants appeared, and, on the 1st of December, filed a joint and several demurrer to the bill. On the 5th of January, 1885, this demurrer was sustained as to Huntington, but overruled as to the rest of the defendants. The bill was then amended, and afterwards, on the 9th of March, it was ordered that the "complainant do recast and amend his bill so as to conform to the equity rules of the Supreme Court, and that, in so amending and recasting his pleadings, he have leave to bring in two or more bills, as counsel may advise, so as to save to complainant all the causes of action contained in his original bill," and that, "if this order is not complied with by the rule day in May next, the complainant's bill shall stand dismissed with costs." On the 2d of May, Seeligson

made a motion to remand the suit, and this being overruled, on the 4th of May he filed an amended bill, to which the defendants demurred June 1. This demurrer was set down for argument on the first Monday in November. Other motions were filed by the defendants, but, before any of them were disposed of, Seeligson, on the 19th of November, dismissed the suit as to Huntington, and at once moved to remand. This motion was granted January 9, 1886, and from that order this appeal was taken.

As the suit could only have been removed because of the alleged separate cause of action against Huntington, it was right to remand it as soon as the discontinuance was entered as to him. The express provision of § 5 of the act of 1875, is, that if "it shall appear to the satisfaction of said Circuit Court at any time after such suit has been . . . removed thereto that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court; . . . the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require." The court was not required to keep the suit after the discontinuance, simply because it might have been removed when Huntington was a party. As soon as he was out of the case, it did appear that "the suit did not really and substantially involve a dispute or controversy properly within" its jurisdiction.

*The order to remand is affirmed.*