## YOUTSEY v. HOFFMAN et al.

(Circuit Court, D. Kentucky. May 28, 1901.)

1. DISMISSAL—RIGHT OF PLAINTIFF TO DISMISS AS TO REMOVING DEFENDANT.

A plaintiff has the right to dismiss his action at any time before trial as against one of two or more defendants upon whose application the cause was removed into a federal court on the ground of a separable controversy; and the fact that plaintiff is a receiver of a state court, suing by leave or direction of such court, does not require him to show its authority for such dismissal before the federal court will entertain his motion; nor can the dismissal be prevented by a motion by such defendant for leave to file an amended answer pleading a set-off, made after the motion for leave to dismiss has been made and taken under advisement.

2. REMOVAL OF CAUSES—REMAND—EFFECT OF DISMISSAL AS TO REMOVING DEFENDANT.

Where, after a cause has been removed into a federal court by one of two or more defendants, who alone is a citizen of another state, on the ground of a separable controversy, the suit is dismissed as to such defendant, the federal court has no further jurisdiction, and the cause will be remanded to the state court.

3. SAME—JURISDICTION OF FEDERAL COURT—SETTING ASIDE JUDGMENT OF STATE COURT.

A federal court, into which a cause has been removed by one of two or more defendants on the ground of diversity of citizenship, and that there was a separable controversy, has no jurisdiction to set aside a judgment rendered by the state court therein as against another defendant, who is a citizen of the same state as plaintiff.

On Motion by Plaintiff for Leave to Dismiss as to One Defendant and to Remand to State Court.

Paxton & Warrington, A. J. Marsh, and C. J. & W. W. Helm, for plaintiff.

Lawrence Maxwell, Jr., L. J. Crawford, and Wright & Anderson, for defendants.

EVANS, District Judge. On the 13th day of May, 1901, the plaintiff, Youtsey, receiver, moved the court to discontinue, without prejudice, his action against H. H. Hoffman, a citizen of Ohio, upon whose petition alone the case had been removed, and to remand the case as to Henry Feltman, a citizen of Kentucky; and the motions were then taken under advisement. The court entertains no doubt of the right of the plaintiff, Youtsey, to discontinue his action, and thus abandon his claim to recover, in the pending suit, anything against Hoffman. The authorities upon the point are altogether clear. City of Detroit v. Detroit City R. Co. (C. C.) 55 Fed. 572; McCabe v. Railway Co. (C. C.) 107 Fed. 213. The receiver's motion, therefore, to discontinue the action as against H. H. Hoffman, is sustained. It seems to the court that there is no force in the suggestion that the receiver, who brought this suit under the orders of the Campbell circuit court, should not be permitted to discontinue it without showing an authority therefor from that court. That appears to be a matter entirely between the Campbell circuit court and the receiver, with which Hoffman is not concerned; and, besides, it may be presumed that the receiver, through his counsel, has authority to discontinue, without showing any order from the court which appointed him. This court only looks to the parties before it, and does not stop to inquire whether they are influenced by some one else. The motion to discontinue was made and taken under advisement on the 13th day of May, and, the situation being thus, the defendant Hoffman, on the 16th day of May, moved for leave to file what, under the Kentucky practice, is really an amended answer, but which he denominated a "set-off" against the plaintiff's claim. Under the circumstances, however, it seems to the court that the motion to discontinue should take precedence, and that the motion for leave to file the amended answer or set-off should not be sustained, and it is accordingly overruled. For the purposes of this motion the justice of the case seems to require that the plaintiff should not be prejudiced by the delay of the court in deciding the motion to discontinue, particularly as, when the set-off is filed, the motion of the plaintiff to discontinue his action would not, if sustained, take the set-off out with it.

The ground for the removal of this action into this court was that there was a separable controversy between Youtsey, a citizen of Kentucky, and Hoffman, a citizen of Ohio, which could be settled, as between them, without the presence of Feltman, or any other defendant, as a party to the action. The court was of opinion that there was such a separable controversy, and upon that ground alone overruled the motion to remand the action to the state court. It might, as an original proposition, be quite difficult clearly to see how anything was really removed into this court except that separable and

distinct controversy; yet it will be seen from many decisions, notably those of Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823, and Brooks v. Clark, 119 U. S. 502, 7 Sup. Ct. 301, 30 L. Ed. 482, that the supreme court holds to the doctrine that the whole case came here upon the removal, even while other controversies therein were separate and distinct from that between Youtsey and Hoffman, and while those other controversies were between citizens of Kentucky alone. But, with that doctrine previously established, the supreme court has since repeatedly held that, where the separable controversy upon which the case was removed has been discontinued or settled, the case, or what remnant of it may remain in the federal court, must be remanded to the state court for further proceedings as to those controversies. Transportation Co. v. Seelingson, 122 U. S. 519, 7 Sup. Ct. 1261, 30 L. Ed. 1150; Torrence v. Shedd, 144 U. S. 533, 12 Sup. Ct. 726, 36 L. Ed. 528. Similar rulings have been made by the circuit courts. Bane v. Keefer, 66 Fed. 612; Prince v. Railroad Co., 98 Fed. 1. It appears to be the doctrine of the supreme court, deducible from the two lines of authority just indicated, which in no wise conflict, but which seem to supplement the one the other, that as to all other matters in a case, even though altogether separable, the proceedings remain in a state of suspended animation until the controversy upon which the removal had taken place is finally disposed of, and that then, with that matter out of it, the case must be returned to the state court. There does not seem to be any support for the proposition that, after the petitioning defendant has been dismissed, the case is still within the jurisdiction of the federal court, although involving no controversy except one between citizens of the same state. The cases cited from 122 U. S. 519, 7 Sup. Ct. 1261, 30 L. Ed. 1150, and 144 U. S. 533, 12 Sup. Ct. 726, 36 L. Ed. 528, seem to the court to meet the question now before us, and to indicate the only rule by which a decision of that question can be governed. Upon the authorities, and because it seems to the court that, if there is any controversy here as between Youtsey and Feltman, this court has no jurisdiction of it,—it being entirely between citizens of Kentucky,—the motion to remand to the state court in order that the case may be tried as to such controversies as have not been disposed of by the discontinuance of the suit against Hoffman must prevail.

For similar reasons this court would seem to have no jurisdiction to set aside the judgment of the state court as against Henry Feltman, although a few days ago we had occasion to rule very expressly in this case (108 Fed. 693) that the judgment of the state court against Hoffman, obtained in precisely the same way and at the same time as that against Feltman, was palpably and unquestionably void, and sustained the motion to set it aside for that reason. The court was enabled to set aside the judgment against Hoffman because the question of so doing was properly before this court for determination, but the question as to setting aside the judgment against Feltman does not seem to be within the jurisdiction of this court, all parties to that controversy being citizens of Kentucky. The court is of opinion that the question of setting aside the judgment against Feltman

must be left to the decision of the state tribunals, where it seems properly to belong, and where the motion for that purpose was made before the removal of the case.