CASSIDY v. ATLANTA & C. A. L. RY. CO. et al.

(Circuit Court, W. D. North Carolina. June Term, 1901.)

DISMISSAL OF SUIT—WANT OF JURISDICTION.

Plaintiff sued a domestic and a foreign corporation, and on petition of the nonresident defendant the case was removed to the federal court. After removal plaintiff voluntarily entered nonsuit as to the nonresident defendant, and moved to remand the case. Acts of 1887 and 1888, repealing section 5 of the act of 1875, declare that all cases removed from the state to the federal courts shall be proceeded with as if regularly brought in the federal court. *Held*, after such removal, where plaintiff enters a nonsuit, the federal court loses jurisdiction, and the cause must be dismissed, and not remanded.[1]

Motion to Remand.

Jones & Tillett, for plaintiff.

Charles Price and G. F. Bason, for defendants.

BOYD, District Judge. This is a suit brought in the superior court of Mecklenburg county, state of North Carolina, by the plaintiff against the Atlanta & Charlotte Air-Line Railway Company, a domestic corporation of the said state, and the Southern Railway Company, a foreign corporation, demanding $20,000 damages for negligence of defendants causing the death of John H. Cassidy, the plaintiff's intestate. On petition of the Southern Railway Company, the nonresident defendant, the case was heretofore removed to this court on the grounds of local influence and local prejudice. After the removal, and since the case is pending in this court, the plaintiff has voluntarily entered a nonsuit as to the defendant the Southern Railway Company, and now makes a motion to remand the case to the state court. In Transportation Co. v. Seelingson, 122 U. S. 519, 7 Sup. Ct. 1261, 30 L. Ed. 1150, it is held that, Huntington, the nonresident defendant, being no longer a party, it was the duty of the circuit court of the United States to remand the case to the state court, from which the case had been removed. That decision was based on section 5 of the act of 1875. Since then, however, the acts of 1887 and 1888 have been passed by congress, and by them the said section of the act of 1875 expressly repealed, and instead it is declared that all cases removed from the state courts to the circuit court of the United States shall be proceeded with in the same manner as if regularly brought in the latter court. The provision of the 1875 act above referred to being repealed, there is no statutory direction applicable to this case except to proceed with it after its removal to this court as if originally commenced here. Certainly, if a suit is originally brought in this court, and after it is pending the jurisdictional elements disappear, a dismissal of the case must follow. After the removal of this case to this court, and after it was properly and legally constituted here, the plaintiff voluntarily enters a nonsuit as to the Southern Railway, the nonresident defendant, and thus ousts the jurisdiction. The opinion

[1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

of the court is that when this is done the case must be dismissed. The motion to remand is therefore denied, and the case ordered to be dismissed for want of jurisdiction. Defendant will recover costs of motion, to be taxed by the clerk.