### FISCHER v. STAR CO.

#### WHEELER SYNDICATE, Inc., v. SAME.

(District Court, S. D. New York. November 1, 1915.)

REMOVAL OF CAUSES �kö=102—PROCEEDINGS AFTER REMOVAL—REMAND.

Where, after removal of a cause on the ground that it involves a federal question, the pleadings are so amended as to eliminate such question, and there is no other ground of jurisdiction, it is the duty of the court to remand, under Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), which requires such action if it shall appear "at any time" that the case does not involve a controversy properly within its jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. ⊂⊃102.]

In Equity. Suits by Harry C. Fischer and by the Wheeler Syndicate, Incorporated, against the Star Company. On motions by defendant to

dismiss, and by complainants to remand to state court. Motions to dismiss denied, and motions to remand granted.

Kelley & Becker, of New York City, for plaintiffs.

John T. Sturdevant, of New York City (Bainbridge Colby and David Gerber, both of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. Both of these suits were brought in the state court for infringement of a registered trade-mark, and were removed to the federal court because a federal question was involved. Thereupon the complainants amended the bills, omitting all mention of the registered trade-mark, and alleged unfair competition. Now the defendant moves to dismiss on the ground that no federal questions are involved, and the complainants move to remand on the same ground.

Defendant urges that this court, having once acquired jurisdiction, cannot be deprived of it by the amendment of the bills of complaint. I do not think this is so. If the court as a federal court has jurisdiction of the suits, it must dispose of the issues; but such is not the case. There is no diversity of citizenship, nor is any federal question involved. Under such circumstances the following provision of section 37 of the Judicial Code requires that the cases should be remanded:

"If in any suit * * * removed from a state court * * * it shall appear * * * at any time * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, * * * the said District Court shall proceed no further therein, but shall * * * remand it to the court from which it was removed."

This is in accord with the decision of the Supreme Court in Texas Transportation Co. v. Seeligson, 122 U. S. 519, 7 Sup. Ct. 1261, 30 L. Ed. 1150, and I find no case to the contrary, except Cassidy v. Atlanta Ry. (C. C.) 109 Fed. 673, and it does not seem to me in accord with the statute or the foregoing decision of the Supreme Court.

The case of Lawrence v. Southern Pacific Co. (C. C.) 180 Fed. 822, relied upon by the defendant, is not in point. There Judge Chatfield dismissed the bill in a cause which was properly removed on the ground that there was lack of an indispensable party to the cause. The Supreme Court, upon a direct appeal from Judge Chatfield's decision, dismissed the appeal upon the ground that no question of jurisdiction of the trial court was involved, but only a question of general equity jurisdiction.

The distinction to be drawn between the case relied upon by the defendant and the cause under consideration is that here it is made evident by the amended complaint that two causes are before this court which could never have been brought here, since they involved neither persons nor subject-matter of which this court has jurisdiction. A case like Lawrence v. Southern Pacific Co. could have originally been brought in the federal court, and the removal was perfectly regular. The difficulty was not with the jurisdiction of the court, but with the cause of action.

I may add that I can see no reason why this court should retain a case for disposition on the merits which under the pleadings does not involve persons or subject-matter of which it has general jurisdiction because the pleadings at one stage indicated that such jurisdiction existed. Such a course would impose a quite unnecessary burden upon this court, and enable, and indeed compel, it to deal with matters which are without its province and the purpose of the removal statute. In view of the foregoing considerations, it is unnecessary to pass upon the merits of the bills of complaint.

The motions to dismiss should be denied, and the causes remanded to the state court.