### JELLISON v. KRELL PIANO CO. et al.

(District Court, E. D. Kentucky. November 24, 1917.)

No. 3112.

**1. REMOVAL OF CAUSES ☞102—REMAND—STATUTE.**

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [Comp. St. 1916, § 1019]) § 37, declaring that if in any suit commenced in any District Court, or removed from any state court to a District Court of the United States, it shall appear to the satisfaction of the District Court, at any time after such suit has been brought or removed thereto, that such suit does not involve a dispute properly within the jurisdiction of such District Court, or that the parties to such suit have been improperly or collusively joined to create a case cognizable or removable thereunder, the District Court shall dismiss the suit or remand it to the court from which it was removed, it is improper, a suit to recover $2,900 for services rendered and to enjoin a violation of a copyright having been removed from the state to the federal district court, to remand such suit, the cause of action for the injunction having been dismissed, for the jurisdiction of the federal court, having once attached, could not be ousted because a dismissal of one of the causes of action reduced the amount in controversy below $3,000.

**2. COURTS ☞96(1)—PRECEDENTS—BINDING PRECEDENTS.**

The latest decisions of the Supreme Court and the appellate court of a circuit on the question of remanding or dismissing suits in the federal court pursuant to Act March 3, 1875, c. 137, § 5, 18 Stat. 472 (Judicial Code, § 37), are binding precedents which a District Court should follow.

At Law. Suit by Clarence Jellison against the Krell Piano Company and others, begun in state court and removed to the federal court, where one cause of action was dismissed. On motion for remand. Motion denied.

B. F. Graziani, of Covington, Ky., for plaintiff.

S. D. Rouse, of Covington, Ky., and Maxwell & Ramsey, of Cincinnati, Ohio, for defendants.

COCHRAN, District Judge. [1] This cause is before me on motion to remand. It is a suit to recover $2,900 for services rendered as general manager of a musical department and to enjoin violation of a copyright for a method of co-operative player piano playing. Though not set forth in separately numbered paragraphs, two causes of action are thus presented, one for the recovery of money and the other for

an injunction. The ground of removal was diversity of citizenship. The petition for removal alleged that the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $3,000. Since the filing of the transcript here, on plaintiff's motion, the cause of action for the injunction has been dismissed. So that as matters now stand this is a suit to recover $2,900; i. e., a suit not properly within this court's jurisdiction. It was upon such dismissal and because the suit could not have been removed to this court if, when it was removed, it had been as it then stood, that the motion to remand was made. The question is foreclosed by a decision of the Supreme Court and two decisions of the appellate court of this district. They are those rendered in these cases, to wit: Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 Sup. Ct. 619, 48 L. Ed. 911; Riggs v. Clark, 71 Fed. 560, 18 C. C. A. 242; Hayward v. Nordberg Mfg. Co., 85 Fed. 4, 29 C. C. A. 438.

In the Supreme Court case the purchaser of a soda fountain, for which he had exchanged an old one and agreed to pay $2,025 in addition, brought suit in a state court for rescission for fraud and recovery of $2,500 damages. The suit was removed to the federal court on the ground of diversity of citizenship. There the vendor filed a cross-bill seeking to recover the balance of the $2,025 then due, to wit, $1,700, and enforcement of the lien. Thereupon, on plaintiff's motion, the original bill was dismissed without prejudice. This left the cross-bill undisposed of. To this the plaintiff filed a plea to the jurisdiction on the ground that the amount sought to be recovered did not exceed $2,000, exclusive of interest and costs, the then jurisdictional amount. It does not seem that he sought thereby to have the cross-bill remanded to the state court, but to have it dismissed for want of jurisdiction. The plea was overruled, and that on two grounds. One was that notwithstanding the dismissal of the original bill the amount in controversy was still sufficient to give jurisdiction. It is not necessary to pause to explain how this was made out. The other was that, though the amount in controversy was not sufficient, the court had jurisdiction of the cross-bill when it was filed, and that jurisdiction was not ousted by the subsequent dismissal of the original bill. The court, through Mr. Chief Justice Fuller, said:

"It is the general rule that, when the jurisdiction of a Circuit Court of the United States has once attached, it will not be ousted by subsequent change in the conditions."

Again, after showing that the court had acquired jurisdiction by the removal proceedings, he said:

"The jurisdiction thus acquired by the Circuit Court was not divested by plaintiff's subsequent action."

The general rule stated was put as the generalization of the decisions in these five cases, to wit: Morgan v. Morgan, 2 Wheat. 290, 4 L. Ed. 242; Clarke v. Mathewson, 12 Pet. 165, 9 L. Ed. 1041; Kanouse v. Martin, 15 How. 198, 14 L. Ed. 660; Roberts v. Nelson, Fed. Cas. No. 11907; Cook v. United States, 2 Wall. 218, 17 L. Ed. 755.

By the first two it was held that, if jurisdiction of a federal court

was acquired by reason of diversity of citizenship, it would not be ousted by the diversity ceasing to exist in the progress of the case therein. By the other three it was held that, if the amount in controversy was sufficient when a federal court acquired jurisdiction, it would not be divested if plaintiff reduced the matter in dispute to less than the jurisdictional amount. In the case of Chicago v. Mills, 204 U. S. 321, 27 Sup. Ct. 286, 51 L. Ed. 504, the Supreme Court, through Mr. Justice Day, citing that case, said:

"The question of jurisdiction must be decided, having reference to the attitude of the case at the date the bill was filed."

In Riggs v. Clark it was held that a suit to cancel a mortgage for $2,120 should not be remanded after removal, because, by stipulation, the actual amount in controversy was reduced to a sum not over $2,000. The decision in Hayward v. Nordberg Mfg. Co. was to the same effect. The court, through Judge Lurton, said:

"Where a cause is removed to the Circuit Court of the United States by a defendant, and the record at the time of removal shows a dispute or controversy within the jurisdiction of a Circuit Court in respect to amount, the jurisdiction over that case cannot be defeated by the subsequent concession of the plaintiff that the amount he claimed was less than he had stated in pleadings filed before such removal. Neither would such concession be strengthened by any stipulation as to the real facts of his demand, nor by any other form of concession made after removal."

This case, though not within the facts of these cases, is within the principle applied in them, and hence is governed by them.

The plaintiff relies on these decisions, to wit: Fischer v. Star Co. (D. C.) 227 Fed. 955; Jones v. W. U. Tel. Co. (D. C.) 233 Fed. 301, which was based on section 37 of the Judicial Code (Comp. St. 1916, § 1019). That section is in these words, to wit:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

This provision is exactly the same as section 5 of the act of March 3, 1875, except the last paragraph of that section, which was repealed by the Acts of 1887–88. It originated there. Prior thereto there was no such provision in the federal jurisdictional legislation. In the Fischer Case the suit as brought in the state court was for infringement of a registered trade-mark. It was removed to the federal court because a federal question was involved. After the removal, an amended bill was filed omitting all mention of the registered trade-mark and alleging unfair competition. As there was no diversity of citizenship, the defendant thereupon moved to dismiss the suit. The plaintiff moved to remand it under section 37. The motion to dismiss was overruled, and that to remand sustained. There is room to say that

the action of the court should have been the reverse of that taken. The amended bill set up an entirely new cause of action—one that had not been brought in the state court. By the action taken a suit was remanded to the state court that had not been brought there. The Jones Case was a suit to recover damages for negligence in transmitting and delivering a telegram. Recovery was sought for $2,500 for mental suffering and $550 for expenses incurred and lost services. These two amounts were sought to be recovered in separate counts. The removal was had on the ground of diversity of citizenship. A demurrer was sustained to the first count for mental suffering. Thereupon the suit was remanded. Judge Bledsoe said:

"It would seem proper, therefore, that the court, having determined that no cause of action is stated in the complaint as to any matter of which this court has jurisdiction, suo motu should remand to the state court, the proper tribunal for its trial, the cause of action set forth in the second count of the complaint."

It is on this case that plaintiff mostly relies in support of its motion to remand. This decision also is of doubtful soundness. Thereby the plaintiff was deprived of his right to question the correctness of the court's ruling on the first count in the appellate court, and on the return of the case to the state court there was nothing to prevent it, if it thought the first count good, from setting aside the order sustaining the demurrer and proceeding with it as well as the second count. These two decisions therefore yield very slight support to plaintiff's position.

But it must be admitted that section 37 of the Judicial Code presents some difficulty, and this particularly in view of the decisions of the Supreme Court in the cases of Texas Transportation Co. v. Seeligson, 122 U. S. 519, 7 Sup. Ct. 1261, 30 L. Ed. 1150, and Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528. In the Seeligson Case the suit had been removed by one of several defendants between whom and the plaintiff there was diversity of citizenship on the ground of a separable controversy between those two parties, and thereafter, on motion of plaintiff, the suit was discontinued as to such defendant; there being no diversity of citizenship between plaintiff and other defendants. It was held that the lower court properly remanded the suit to the state court upon the discontinuance of the separable controversy. The Torrence Case was of like character, except that there was no formal discontinuance of the suit as against the defendant who had removed. Nothing was done but to file a stipulation between plaintiff and the removing defendant to the effect that their controversy had been settled. It was held that the lower court erred in not remanding the case upon the filing of such stipulation. In each case the basis of decision was section 5 of the act of March 3, 1875. Apparently, at least, if it had not been for that provision the decision would have been different. In the one case, the court, through Chief Justice Waite, said:

"As the suit could only have been removed because of the alleged separable cause of action against Huntington, it was right to remand it as soon as the discontinuance was entered as to him. * * * The court was not required to keep the suit after the discontinuance, simply because it might have been

removed when Huntington was a party. As soon as he was out of the case, it did appear that 'the suit did not really and substantially involve a dispute or controversy properly within' its jurisdiction."

In the other, through Mr. Justice Gray, it said:

"If the controversy between the plaintiff and Brown on the one side and Sorin on the other had been such as to justify a removal, there can be no doubt that after that controversy had been settled, as shown by the stipulation of the parties to it, the suit no longer really involved a dispute or controversy properly within the jurisdiction of the Circuit Court, and should therefore have been remanded to the state court, under section 5 of the act of March 3, 1875."

Numerous cases have been decided by the lower federal courts in accordance with this interpretation of the provision. Such are the cases of Iowa Homestead Co. v. Des Moines N. & R. Co. (C. C.) 8 Fed. 97; Bane v. Keefer (C. C.) 66 Fed. 610; Youtsey v. Hoffman (C. C.) 108 Fed. 699; Cassidy v. Atlantic & C. A. L. Ry. Co. (C. C.) 109 Fed. 673; W. T. Hughes & Co. v. Pepper Tob. Co. (C. C.) 126 Fed. 687; Fischer v. Star Co. (D. C.) 227 Fed. 955; Jones v. W. U. Tel. Co. (D. C.) 233 Fed. 301. The Iowa Homestead Co., Youtsey, and Cassidy Cases are like the Seeligson and Torrence Cases in their facts. In the Cassidy Case it would seem that the court erred in dismissing the suit and in not remanding it. In the Bane Case the removal was had on the petition of one of several defendants between whom and plaintiff there was diversity of citizenship on the ground of local prejudice. It was held that on the dismissal of the suit as to him the suit should be remanded. Judge Baker said:

"The suit does not now really and substantially involve a dispute or controversy properly within the jurisdiction of this court, and therefore it becomes its duty to proceed no further, but to remand the cause to the court from which it was removed."

In the W. T. Hughes & Co. Case the removal was on the ground of diversity of citizenship. The complaint sought to recover $2,250, an amount then within the jurisdiction of the federal court. After the removal, an amendment was filed alleging that there was error in the amount on which the complaint was based of $448.75, thus reducing the amount demanded to less than $2,000, the jurisdictional amount. The suit was thereupon remanded. Judge Purnell said:

"On the face of the complaint the order of removal was properly entered, but on an examination of the whole record it appears now that the controversy between the parties does not involve an amount, exclusive of interest and costs, which would give the court jurisdiction."

Possibly before the decision by the Supreme Court of the Seeligson and Torrence Cases, it was open to claim that this statutory provision required the dismissal or remand of a suit pending in a federal court, only if it appeared at any time in its course that the suit did not really and substantially involve a dispute or controversy properly within its jurisdiction when commenced or removed, and not, if, though it then did so involve such a dispute or controversy, it did not do so at a subsequent stage therein because of a change in conditions after the suit was commenced or removed. This, i. e. that the suit does not so involve such a dispute or controversy, is not the only thing whose

246 F.—33

appearance at any time in the progress of the suit in the federal court necessitates a refusal to hear and determine it. The appearance of the fact that the parties to the suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case within its jurisdiction, calls for a similar refusal. This it would seem can appear only in a suit commenced in a federal court, and not in one removed there; though the statute by the use of the alternative "cognizable or removable" seems to contemplate that it can appear in one so removed. This latter thing would seem to have relation to the condition of things at the time the suit is commenced, and not at a time subsequent thereto. And, as to the other thing, it will be noted that the provision is not that, if at any time after the suit has been commenced or removed it shall come not to involve a jurisdictional dispute or controversy, it shall be dismissed or remanded, but that, if at any time it shall appear and that really and substantially so that it does not, such action shall be taken.

This suggests that what, possibly, was had in mind was that a suit which, when it was commenced or removed, did not really and substantially involve a jurisdictional dispute or controversy, might not then appear not so to do, but that subsequently thereto it might so appear, and that the object of the provision was to impose on the court the duty, in such a case, upon its own motion, and no matter how it came about that it so appeared, to dismiss or remand. If such is the true construction of the statute, the statement, in the Mills Case, that the question of jurisdiction is to be decided with reference to the attitude of the case when it comes into the federal court and that, in the Soda Fountain Case, that when jurisdiction has once attached it will not be ousted by a subsequent change of the conditions, are not in conflict therewith. But, if its true construction is that a suit is to be dismissed or remanded if, though when commenced or removed it involved a jurisdictional dispute or controversy, it appears, when the question of dismissal or remand is up for determination, that it then does not so do, because of a change in conditions after the suit was commenced or removed, those statements would seem to be in conflict therewith. The decisions in the Seeligson and Torrence Cases seem to so construe the statute. In each the suit when removed involved a jurisdictional dispute or controversy, and that really and substantially so. It was because, after the removal, there was a change in conditions, brought about by the dismissal in the one case and the settlement in the other, that it was held that the suit should be remanded. It is true that the dispute or controversy left after the termination of the separable controversy, not being between citizens of different states, could not of itself constitutionally have been made removable, but such was not the basis of the decision. The basis thereof was that by a change in conditions after the removal the suit had become one not within the jurisdiction of the court, and the statute required that where such was the case the suit should be remanded. Such being its true meaning, according to these decisions, it would seem to follow that, not merely in cases of that kind, but in any case where a suit after it has been properly commenced or removed be-

comes one not within the jurisdiction of the court, it should be dismissed or remanded.

I therefore find it difficult to reconcile the Soda Fountain Case with the Seeligson and Torrence Cases. And it is to be noted that in that case section 5 of the act of March 3, 1875, and those cases were not referred to, and further that the prior decisions of the court on which the decision therein was based were decided before the enactment of that section of the act of 1875. Likewise the decisions of the appellate court of this circuit referred to took no note of the statute or of those decisions. In the Hayward Case the court based its decisions on those in the following cases, to wit: Fuller v. Insurance Co. (C. C.) 37 Fed. 163; Henderson v. Cabell (C. C.) 43 Fed. 257; Peeler v. Lathrop, 48 Fed. 780, 1 C. C. A. 93; Waite v. Insurance Co. (C. C.) 62 Fed. 769—in addition to its prior decision in the Riggs Case. But it is hard to find support therefor in these four cases from other jurisdictions. In the Fuller Case, the defendant maintained that jurisdiction was ousted by concession on its part of enough of plaintiff's claim to bring the matter in dispute below the jurisdictional amount. Section 5 of the act of March 3, 1875, was relied on to support this claim. The position was denied. Judge Coxe seems to have been of the opinion that that statute covered no case where the suit was within the federal court's jurisdiction when commenced or removed and subsequently became one that could not have been commenced therein or removed thereto, but was limited to cases where the suit was not within such jurisdiction when commenced or removed. He said:

"It is true that under section 5 of the act of 1875 the cause should be dismissed if, at any time during its progress, the court discovers that it has no jurisdiction.

"The discovery, though not made until the end of the suit, relates back to the lack of jurisdiction at the beginning. If the court had no jurisdiction when the suit was begun, there must be a dismissal, even though the fact was not ascertained until the close of the litigation. Surely this section does not mean that a suit, properly brought, may be dismissed because the defendant by admissions or failure to deny reduces the amount in dispute to less than the statutory sum."

Though possibly wrong in this limited view of the section, yet the question before him was properly disposed of, for it is plaintiff's claim, and not the defendant's admission, which fixes the matter in dispute.

In the Henderson Case the amount claimed by the plaintiff at the time of removal exceeded the jurisdictional amount. The plaintiff's position was that, notwithstanding he was claiming such amount, the defendant was estopped to claim that the matter in dispute exceeded the jurisdictional amount because in a previous suit brought in the federal court on the same cause of action defendant had it dismissed because the matter in dispute did not exceed that amount. In the Peeler Case, the suit was originally brought in the federal court. The defendant moved to dismiss the suit because plaintiff was not able to prove that there was due him a sum equal to the jurisdictional amount. This properly so, because jurisdiction depends on amount of plaintiff's claim in good faith, and not on what he may be able to prove. In the Waite Case, the question was as to the effect of the filing of an amendment

in the state court by plaintiff reducing the amount claimed below the jurisdictional amount. It was held that it depended on whether it was filed before or after the filing of the petition for removal. It is thus seen that neither one of these cases has any bearing on the question as to the effect of the plaintiff reducing the amount of his claim below the jurisdictional amount after the suit has been commenced or removed; the amount claimed at the commencement or removal of the suit being the jurisdictional amount. This decision of the appellate court of this circuit has been questioned by Mr. Moon in his work on Removal of Causes. In note 8, section 88, he says:

"The author has serious doubt whether the decision in Hayward v. Nordberg Mfg. Co., supra, is correct; in fact, he is clear that it is incorrect. Although the removal may have been sustainable upon the face of the papers filed in the state court, yet when it clearly appeared in the Circuit Court after removal that the suit did not really involve a dispute as to a sum in excess of $2,000, the case was brought directly within the letter, as well as within the spirit, of the act of 1875, section 5. The plaintiff filed a bill of particulars in the Circuit Court of $1,675, and this limited his claim to that sum."

And in section 200 he says:

"It seems upon principle, although the cases are to the contrary, that a suit in which the sum in controversy is in excess of $2,000 should be remanded upon the dismissal by plaintiff of a part of his claim whereby the sum in dispute is reduced to $2,000 or a smaller sum."

[2] But though the decision of the Supreme Court in the Soda Fountain Case and those of the appellate court of this circuit may be in conflict with the decisions of the Supreme Court in the Seeligson and Torrence Cases and with the true construction of the statute, i. e. section 5 of the Act of March 3, 1875, now section 37 of the Judicial Code, as those decisions were rendered since the enactment of that statute and the rendition of those decisions, I feel that it is my duty to follow them. Possibly, I am in some way blinded so that I am unable to see that there is no inconsistency here. If really so, it may be due to an oversensitiveness to discord and a desire to bring things into harmony, and thus to attain to this measure of truth at least. But so it is; and I have thought best to so develop the matter that others may be led to try their hand at the problem here presented.

The motion to remand is overruled.