## KLINE v. MURRAY et al.

(District Court, D. Montana. July 27, 1925.)

No. 1221.

**1. Removal of causes ⬅️102—Jurisdiction of federal District Court, acquired on removal of cause from state court on ground of separable controversy, not divested by amendment of plaintiff's complaint to exclude separable controversy.**

Jurisdiction of federal District Court, acquired in suit for cancellation of notes and mortgages and for damages on ground of a separable controversy, *held* not divested, in view of Jud. Code, § 37 (Comp. St. § 1019), by amendment of plaintiff's complaint to exclude the separable controversy, where defendant then filed answer including counterclaim to recover on the notes, to which plaintiff filed a defensive reply.

**2. Removal of causes ⬅️III — Federal court retained jurisdiction of controversy, where plaintiff did not bring its lack of jurisdiction to its attention in interval between filing of amended complaint and cross-complaint.**

In suit to cancel notes and mortgages and for damages, removed to federal District Court on ground of a separable controversy, if there was an interval between filing of amended complaint by plaintiff to exclude the separable controversy and that of defendant's cross-complaint when federal court was without jurisdiction, it still retained jurisdiction of the controversy where plaintiff did not bring such matter to court's attention.

**3. Courts ⬅️279—Cross-complaint, like a new action, may confer jurisdiction.**

While a mere answer cannot confer jurisdiction theretofore absent, a cross-complaint, like a new action, can or may.

At Law. Action by Josephine Kline against Marcus M. Murray, as administrator, and others. On motion to remand. Remand denied.

W. D. Rankin, Louis M. Dyll, and Sam D. Goza, Jr., all of Helena, Mont., for plaintiff.

William Scallon and J. R. Wine, both of Helena, Mont., Frank Arnold, of Livingston, Mont., and James E. Murray, of Butte, Mont., for defendants.

BOURQUIN, District Judge. In this action, brought in a state court, the complaint of one count alleges (1) that in part is failure of the consideration for certain notes and mortgages executed by plaintiff to defendant May Murray, and (2) that by various means in conspiracy defendants have wrongfully deprived plaintiff of certain property including that subject to the mortgages. The prayer is (1) cancellation of notes and mortgages, and (2) damages.

By reason of the separable controversy, May Murray removed the cause hither. Thereupon plaintiff amended and excluded the separable controversy, but included the allegations respecting notes and mortgages as part of the means to execute the conspiracy. May Murray then filed answer, including a counterclaim to recover upon the notes, to which plaintiff filed a defensive reply; and now plaintiff moves to remand upon the ground that, she having eliminated the separable controversy from her complaint, the cause is withdrawn from the jurisdiction of this court.

In that behalf plaintiff relies upon section 37, Jud. Code (section 1019, Comp. Stat.), which provides that if, in any suit commenced in or removed to a District Court, "it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just," and thereto cites Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726; 36 L. Ed. 528, and Texas, etc., Co. v. Seelingson, 122 U. S. 519, 7 S. Ct. 1261, 30 L. Ed. 1150. Defendants contra cite Kirby v. Fountain Co., 194 U. S. 141, 24 S. Ct. 619, 48 L. Ed. 911.

The Torrence Case holds that, the separable controversy settled after removal, the court's jurisdiction of other controversies is ousted, and remand is required by the statute; the Seelingson Case holds that plaintiff's dismissal of the defendant of the separable controversy after the removal operates likewise; and the Kirby Case holds that, although plaintiff dismisses his bill after removal, jurisdiction continues of defendant's cross-bill for less than the jurisdictional amount. Thus it appears that of these cases, the Torrence and Seelingson seem to ignore the rules that jurisdiction acquired is not ousted by changed conditions, that of a case removed, not only the separable controversy, but all other controversies are "properly within the jurisdiction of the district court," and that implied repeals are disfavored; while the Kirby gives effect to these rules in so far as applicable, but ignores the statute and with it the Torrence and Seelingson Cases.

The great weight of authority is with the Kirby Case, and it is believed to be consistent with the statute aforesaid. Since plenary jurisdiction is made up of several elements, any one of which is as vital as any other, it is not readily perceptible why it should be held that by reason of the statute a change in the separable nature of the controversy will oust jurisdiction, and a change in citizenship or amount of plaintiff's claim, or shift of the entire controversy from plaintiff's bill to defendant's cross-bill will not operate likewise.

The statute's language and spirit do not require the distinction. Really, the statute is but declaratory of the law before and without it, viz. dismiss or remand, if no jurisdiction.

[1] Be that as it may, however, the instant case is distinguishable from the Torrence and Seelingson Cases. For, unlike these latter, the case at bar has not been settled nor dismissed in respect to the defendant of the separable controversy; and that controversy is still involved in the case by the amended complaint's allegations of partial failure of consideration for the notes and mortgages and the proper, if not necessary, cross-complaint or counterclaim to recover upon the notes. Hence, the case yet does "really and substantially involve a dispute or controversy properly within the jurisdiction" of this court, and within the words and spirit of section 37. Within the words, for the statute does not distinguish between controversies whether initiated by complaint or by cross-complaint, no more than does the Kirby Case, and within the spirit, for the object of removal is to afford the noncitizen a federal forum for his separate controversy with plaintiff.

[2, 3] If, for the sake of argument, it be conceded that there was an interval between the filing of the amended complaint and that of the cross-complaint, when the rule of the

Torrence and Seelingson Cases might have been successfully invoked, plaintiff did not bring it to the court's attention as was her duty (Gilbert v. David, 235 U. S. 567, 35 S. Ct. 164, 59 L. Ed. 360), the parties and case were yet within the jurisdiction of the court, in the main were appropriate to that jurisdiction, and a separable controversy supplied by the cross-complaint, and appropriate for trial with the complaint, cured any temporary defect in one element of jurisdiction. For, although a mere answer cannot confer jurisdiction theretofore absent (Ayres v. Wiswall, 112 U. S. 190, 5 S. Ct. 90, 28 L. Ed. 693), a cross-complaint like a new action can or may. See Merchants', etc., Co. v. Clow, 204 U. S. 290, 27 S. Ct. 285, 51 L. Ed. 488; American, etc., Co. v. Winzeler (D. C.) 227 F. 324.

Federal jurisdiction, removal, and remand often are questions of difficulty. That to remand is safer than to retain has not contributed to a settled and consistent course of precedent. Too often has overcaution ceded jurisdiction which ought to be jealously maintained—within valid statutory limits. That much is due, not only to litigants, but also to the co-ordinate and equal judicial branch of government, to people, and government as a whole.

Remand is denied.