KANE et al. v. RESERVE OIL CORPORATION (two cases).

Nos. 710, 718.

District Court, W. D. New York.

Oct. 12, 1931.

Wilbur F. Knapp, of Bath, N. Y., for plaintiffs.

Hinman, Howard & Kattell, of Binghamton, N. Y., for defendant.

KNIGHT, District Judge.

Two actions between the parties herein were commenced in the Supreme Court, Steuben county, N. Y. Action designated No. 710 herein was brought to have declared null and void a gas and oil lease purporting to have been given by the plaintiffs to the defendant on lands situate in said Steuben county. Action designated No. 718 herein was brought to have declared null and void a similar lease on another parcel of land in said county. The complaints in the two ac-

tions are identical in language, except as to descriptions of the land affected, and the damages claimed. The grounds for relief in each action are: That the lease was procured by fraud and misrepresentation; that the lease was never consummated; that the consideration is inadequate, inequitable, and unenforceable; and that such lease is void on the ground that the term and duration, and the terms and provisions of the lease are uncertain. Each of such grounds is set forth in a separate cause of action in each complaint. In the first-mentioned action, judgment declaring the lease void and for damages in the sum of $5,000 are asked, and, in the second action, a like judgment as to the lease in question and for damages in the sum of $2,500 are sought. In each action, the defendant filed a petition in the Supreme Court, state of New York, for removal of the cause into this court, and, together with each of said petitions, filed a bond as required by the statute. By order of such Supreme Court, on June 20, 1931, each cause was removed to the District Court of the United States, for the Western District of New York. The orders were based upon diversity of citizenship, and the sum or value of the matter in controversy. The plaintiff now moves to remand each action to the Supreme Court of the state of New York, upon the ground that the matter in controversy is less than the sum or value of $3,000, and therefore this court is without jurisdiction; and the defendant now moves to consolidate the two actions in this court, and for a bill of particulars.

■ The plaintiffs are residents of the state of New York. The defendant is a foreign corporation organized and existing under and by virtue of the laws of the state of Pennsylvania. In each action, it appears from the complaint and the petition for removal, that the matter in controversy does exceed the sum of $3,000, exclusive of interest and cost.

This court therefore obtained jurisdiction. In action herein designated as No. 710, plaintiffs ask to amend the complaint to make the demand for judgment $2,500. They ask that the motion be granted "if necessary." This court having obtained jurisdiction, an amendment such as is proposed would not affect or remove such jurisdiction. Turmine v. West Jersey & Seashore R. Co. (D. C.) 44 F.(2d) 614; Hayward v. Nordberg Mfg. Co. (C. C. A.) 85 F. 4; Johnson v. Computing Scale Co. (C. C.) 139 F. 339; Donovan v. Dixieland Amuse-

ment Co. (C. C.) 152 F. 661; Venner v. Pennsylvania Steel Co. (D. C.) 250 F. 292, 297; Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 S. Ct. 619, 621, 48 L. Ed. 911, and cases cited.

In the attempt to bring the value of the matter in controversy under $3,000, affidavits are submitted by plaintiffs stating that the value of the lease in the action designated No. 710 does not exceed $850, and the value of the lease in the action designated No. 718 as $430. In the view I take, it is now too late to attack the court's jurisdiction in these cases in this manner.

But even accepting these affidavits at their face value under complaints demanding judgment for $2,500 and the cancellation of the leases, plaintiffs would not be precluded from recovering upwards of $3,000. Plaintiffs would not be limited as to the value of the lease by affidavits made by third parties. Such third parties might even not be called as witnesses upon the trial.

I am not unaware of the provisions of section 37, Judicial Code, title 28, USCA § 80, and the holdings of certain cases thereon. Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528, and Texas Transportation Co. v. Seeligson, 122 U. S. 519, 7 S. Ct. 1261, 30 L. Ed. 1150. This decision is not intended to apply to cases where the jurisdictional amount of the value of the matter in controversy is not controverted on the application to remove, but where the plaintiffs in this court simply seek to reduce the amount claimed—and this without any assignment of reason or error. The view here taken is quite in accord with the case of Kirby v. American Soda Fountain Co., supra, in which Mr. Justice Fuller said: "It is the general rule that when the jurisdiction of a circuit court of the United States has once attached it will not be ousted by subsequent change in the conditions," and further "jurisdiction thus acquired by the circuit court was not divested by the plaintiff's subsequent action," and also the language of Mr. Justice Day in Chicago v. Mills, 204 U. S. 321, 27 S. Ct. 286, 288, 51 L. Ed. 504, that: "The question of jurisdiction must be decided, having reference to the attitude of the case at the date the bill was filed." I accordingly decide that plaintiffs' motion to remove these causes, and for an amendment to the complaint in action No. 710 herein, should be denied.

■ The defendant moves to consolidate the actions. **This motion is granted.** Revised

Statutes, § 921 (28 USCA § 734) provides that causes having a like nature or relating to the same question may be consolidated when it appears reasonable to do so. It appears that the leases in question were made on the same day. It is contended by the plaintiffs that identical representations were made as to each lease, and the complaints are identical as hereinbefore stated. It is in conformity with the practice in the federal courts and the state courts to direct consolidation in cases such as are now presented. Vide Davis v. St. Louis & S. F. Ry. Co. (C. C.) 25 F. 786, 787; MacGregor v. Johnson-Cowdin-Emmerich (C. C. A.) 31 F.(2d) 270; N. Y. Civil Practice Act, § 96, and cases cited.

The defendant's motion for a bill of particulars should be denied: The purpose of a bill of particulars is to advise the party applying therefor of the claim of his adversary and to limit the issues, but it is not to furnish evidence for an applicant nor to be used for what is often termed a fishing expedition. The complaints make the issues plain. So far as the issue of misrepresentation or fraud is concerned, it is clear that it is based upon what it is claimed defendant or his agents represented, or what was done to deceive and defraud concerning the "oil" lease. Vide Civil Practice Act N. Y. § 247 and cases cited; Kraus & Co. v. Mayer, 150 App. Div. 122, 134 N. Y. S. 694, and Dudley v. New York Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. S. 529.

Orders may be submitted in accordance with this memoranda.