**HENSON et al. v. EICHORN et al.**
No. 3119.

District Court, E. D. Illinois.
March 24, 1938.

Wilbourn & Gillespie, of Cairo, Ill., for plaintiffs.

David S. Lansden and Dewey & Cummins, all of Cairo, Ill., for defendants.

WHAM, District Judge.

This is a tort action removed to this court by the Home Owners' Loan Corporation as a separable controversy, as to it, under the laws of the United States. The plaintiffs and the defendants other than the Home Owners' Loan Corporation are citizens and residents of the State of Illinois and as between them only the laws of Illinois are involved.

The defendant Home Owners' Loan Corporation now presents its motion to dismiss the suit as to it on the ground that it is a corporation organized under a special Act of Congress as an instrumentality of the United States and is not suable in tort for the negligent acts of its servants such as form the alleged factual basis of the plaintiffs' bill of complaint.

The defendant Home Owners' Loan Corporation is a corporation created under the provisions of the Act of Congress known as the Home Owners' Loan Act (U.S.C.A., Title 12, §§ 1461–1468) as an instrumentality of the United States to carry out the purposes of said Act. It is not organized for profit. As provided in the statute, all of its capital is subscribed by the Secretary of the Treasury on behalf of the United States. Its employees have been held to be employees of the United States. Commonwealth ex rel. Kelly v. Rouse, 163 Va. 841, 178 S.E. 37. In United States v. Kay, 2 Cir., 89 F.2d 19, 21, the court said: "In creating this governmental agency and investing it with the described functions, Congress relied on its power to tax, borrow, and appropriate public money." After commenting at length on the purposes of the Home Owners' Loan Act, the court said: "The national public purpose embodied in the Home Owners' Loan Act of 1933 [12 U.S.C.A. §§ 1461–1468] is evident. * * * For such a purpose, therefore, Congress created an agency wholly owned by the government in whose behalf the power to borrow and spend was to be exercised."

This defendant, being an instrumentality of the United States of the character set forth in the preceding paragraph, stands before the court in this suit as if it were the United States. It is too well settled to require citation of authority that the United States is not liable for damages arising from the torts of its employes unless such liability be assumed, and cannot be sued in any case without its consent. Some of the many cases involving these questions are: United States v. Buchanan, 8 How. 83, 49 U.S. 83, 106, 12 L.Ed. 997; German Bank v. United States, 148 U.S. 573, 579, 13 S.Ct. 702, 37 L.Ed. 564; Bigby v. United States, 188 U.S. 400, 406, 23 S.Ct. 468, 47 L.Ed. 519; Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599; Overholser v. National Home for Disabled Soldiers, 68 Ohio St. 236, 67 N.E. 487, 62 L.R.A. 936, 96 Am.St.Rep. 658; Moody v. State's Prison of North Carolina, 128 N.C. 12, 38 S.E. 131, 53 L.R.A. 855.

The provision in the Home Owners' Loan Act (U.S.C.A. Title 12, § 1463(a), that the Home Owners' Loan Corporation "shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State," does not, in the absence of specific assumption of liability for torts committed by employees and consent to be sued thereon, affect the rule hereinbefore announced. Lyle v. National Home for Disabled Volunteer Soldiers, C.C., 170 F. 842; Moody v. State's Prison of North Carolina, supra; Overholser v. National Home for Disabled Soldiers, supra; Board of Commissioners of Hamilton County v. Mighels, 7 Ohio St. 109.

The motion of the defendant Home Owners' Loan Corporation to dismiss must be and is hereby sustained.

The case having been dismissed as to the party that removed it here from the state court on the ground of the existence of a separable controversy as to it and as such dismissal has disposed of all aspects of the case upon which federal jurisdiction can rest, it becomes the duty of the court, though no motion to remand has been filed, to remand the remainder of the cause to the state court for disposition. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, February 28, 1938; Sklarsky v. Great Atlantic & Pacific Tea Co., D.C. S.D.N.Y., 47 F.2d 662; Summers & Oppenheim, Inc., v. Tillinghast Stiles Co., D. C.S.D.N.Y., 19 F.Supp. 230; Texas Transportation Co. v. Seeligson, 122 U.S. 519, 7 S.Ct. 1261, 30 L.Ed. 1150; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528; Iowa Homestead Co. v. Des Moines N. & R. Co., C.C., 8 F. 97; Bane v. Keefer, C.C., 66 F. 610; Youtsey v. Hoffman, C. C., 108 F. 699; Cassidy v. Atlanta, Etc., R. Co., C.C., 109 F. 673; Jellison v. Kreel Piano Co., D.C.Ky., 246 F. 509; U.S.C.A. Title 28, Section 80.

Remand order may be entered as of this date.