## DALAND v. HEWITT SOAP CO., Inc.

District Court, S. D. New York.

Jan. 25, 1939.

Hobart S. Bird, of New York City, for plaintiff.

Cooper, Kerr & Dunham, of New York City (Thomas J. Byrne, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action was removed from the state court. The present motion is by the plaintiff to remand it.

The action was brought in the New York Supreme Court. The complaint alleged that the plaintiff was a resident of New York and the defendant an Ohio corporation; that the plaintiff's predecessor had adopted the trademark "Smiles" for soap and had caused it to be registered in the Patent Office; that the trademark was the property of the plaintiff by assignment and was "of great value"; that the defendant as well as a predecessor whose liabilities it had assumed had used the trademark on soap in large quantities throughout the United States continuously since 1920, in violation of the plaintiff's registered trademark and to her irreparable loss and damage. As relief the plaintiff demanded an injunction, an accounting of profits and damages both treble and punitive.

The defendant seasonably filed petition and bond for removal. The petition set forth that there was diversity of citizenship, the plaintiff being a citizen of New York and the defendant a citizen of Ohio, and that the matter in controversy exceeded $3,000, exclusive of interest and costs. In an accompanying affidavit the defendant's attorney stated that the case was one in which the federal court would have original jurisdiction, because it was between citizens of different states and also because it was founded on the United States trademark laws. The state court after hearing argument granted removal.

After the case reached this court the plaintiff filed an amended complaint. The amended complaint is much the same as the original, but in it the plaintiff makes the effort to state a cause of action not cognizable in this court. She still pleads her ownership of the trademark "Smiles" for soap and the registration of it in the Patent Office, and she pleads the infringement of it by the defendant. But stress is laid on unfair competition, and in the prayer for relief she demands profits and damages "in the aggregate sum of $3,000," as well as an injunction. Promptly after filing the amended complaint the plaintiff brought a motion to remand the case to the state court. Her position is that the case was not originally removable, and that even if it were the filing of the amended complaint requires remand at the present time.

1. The case was clearly removable for diversity of citizenship at the time when the defendant filed the petition for removal. In removal for diversity of citizenship it must appear that the matter in controversy exceeds $3,000, exclusive of interest and costs. The complaint did not set any specific figure as the amount in controversy. The petition for removal, however, contained the averment that the matter in controversy exceeded $3,000, exclusive of interest and costs, and this averment was certainly not contradicted by the contents of the complaint, where it was said that the plaintiff's trademark was of great value and that the defendant's widespread and long-continued infringement had caused irreparable damage and where an injunction and damages, treble and punitive, were prayed for. Where the complaint has no direct allegation on the amount involved, the statement in the petition for removal that the matter involves more than the jurisdictional minimum, when supported by necessary inferences from the complaint, is controlling. Duff v. Hildreth, 183 Mass. 440, 67 N.E. 356; Langdon v. Hillside Coal & Iron Co., C.C., 41 F. 609; Crockett v. Overfield, D.C., 22 F.Supp. 915.

The case was properly removed on the further ground that it was a suit for infringement of a trademark registered under the United States Trademark Act, and this irrespective of the amount involved. By section 17 of the Act (15 U. S.C.A. § 97), the district court is given original jurisdiction "of all suits at law or in equity respecting trade-marks registered in accordance with the provisions of this subdivision of this chapter, arising there-

under, without regard to the amount in controversy." Section 24(7) of the Judicial Code, 28 U.S.C.A. § 41(7), is to like effect. The suit being one that might have been brought originally in the district court, it may be removed to the district court when brought in the state court. Madisonville Traction Co. v. St. Bernard Min. Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462. The plaintiff makes the point that the petition for removal did not mention this ground. The ground appeared on the face of the complaint, and it was specified in the affidavit filed with the petition. The affidavit is to be taken as part of the petition. This was a sufficient development of the point that the suit was one for infringement of trademark registered under the federal statute and was therefore removable. See Yulee v. Vose, 99 U.S. 539, 545, 25 L.Ed. 355; Powers v. Chesapeake & Ohio R. Co., 169 U.S. 92, 101, 18 S.Ct. 264, 42 L.Ed. 673.

■ 2. The plaintiff's effort to force a remand to the state court through service of an amended complaint was futile. The law is settled that after a suit has been properly removed for diversity of citizenship and existence of a controversy involving more than $3,000, the plaintiff cannot bring about a remand by voluntary reduction of the amount claimed to less than the jurisdictional minimum. Kanouse v. Martin, 15 How. 198, 14 L.Ed. 660; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. This is a corollary of the controlling principle that removability of a case to the federal court is determined by the condition of the case when the petition for removal was filed. Where a case has properly been removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded. Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Phelps v. Oaks, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; Hayward v. Nordberg Mfg. Co., 6 Cir., 85 F. 4; Lebensberger v. Scofield, 6 Cir., 139 F. 380. In Pullman Co. v. Jenkins, 59 S.Ct. 347, 83 L.Ed. 334, decided by the Supreme Court January 16, 1939, the plaintiffs filed a second amended complaint after the case had been removed. The court said: "The second amended complaint should not have been considered in determining the right to remove, which

in a case like the present one was to be determined by the plaintiffs' pleading at the time of the petition for removal".

The provision in section 37 of the Judicial Code, 28 U.S.C.A. § 80, that "if in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall * . * * remand it to the court from which it was removed," has not been applied to cases of the present type, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, 288, 58 S.Ct. 586, 82 L.Ed. 845, although it has been applied to cases removed under the separable controversy clause where suit against the removing defendant is later discontinued or dismissed. Texas Transportation Co. v. Seeligson, 122 U.S. 519, 7 S.Ct. 1261, 30 L.Ed. 1150; see, also, Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528.

The plaintiff relies on Fischer v. Star Co., D.C., 227 F. 955. There suits brought in the state court for infringement of registered trademark were removed. Later the plaintiffs filed amended bills which omitted mention of the trademark and declared on unfair competition. The court granted the plaintiffs' motions to remand the cases. It was thought that section 37 of the Judicial Code and the separable controversy cases required that result. The Fischer case is contrary to controlling authorities in the Supreme Court, particularly the recent case of Pullman Co. v. Jenkins, supra, and cannot be deemed to state the law.

■ While it is thus clear that the amended complaint properly plays no part in the motion to remand, it is worth noting that despite the plaintiff's effort the amendment still shows a removable controversy. The prayer for relief in the amended complaint, profits and damages of $3,000 for the past and an injunction to protect for the future a trademark of great value from irreparable injury, proves that the amount in controversy is still more than $3,000, exclusive of interest and costs. The trademark for the future is worth something. Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Southern Cash Register

Co. v. National Cash Register Co., C.C., 143 F. 659. Further, the case on the amended complaint is still, in part at least, for infringement of a registered trademark, and so within the jurisdiction of the district court without regard to the amount involved. The fact that the amended complaint also embraces allegations of unfair competition does not oust the jurisdiction. General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 271, 43 S.Ct. 106, 67 L.Ed. 244; Chalmers Chemical Co. v. Chadeloid Chemical Co., C.C., 175 F. 995.

The motion to remand the case to the state court is lacking in merit and will be denied.